

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Scott B. Gilly**
sgilly@twglaw.com

June 29, 2009

**BY ECF**

Honorable Michael A. Shipp
United States Magistrate Judge
for the District of New Jersey
Martin Luther King, Jr. - U.S. Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, New Jersey 07101

    Re:   *Joseph C. Weber v. Atlantic Zeiser/Orell Fussli*,
            **Case No. 08-CV-00977 (DRD) (MAS) – STATUS LETTER**

Dear Judge Shipp:

We represent Plaintiff Joseph C. Weber ("Plaintiff" or "Mr. Weber") in the above referenced matter. We respectfully submit this Status Letter pursuant to the Amended Scheduling Order dated May 27, 2009, and in anticipation of the telephone status conference with the Court scheduled for July 1, 2009 at 10:00 a.m.[1]

---

[1]     Last week, counsel for the respective parties agreed that Plaintiff's counsel would provide Defendant's counsel with a draft proposed Joint Status Letter on Friday June 26, 2009, and that Defendant's counsel would review the letter and provide any proposed revisions or modifications, if not on Friday, June 26, 2009, then by Monday, June 29, 2009. Upon receiving Plaintiff's proposed letter on June 29, 2009, Defendant's counsel advised that Defendant would require until Monday, June 29, 2009 to complete its review of Plaintiff's proposed letter. Over the course of the day on Monday, June 29, 2009, Plaintiff's counsel left multiple voicemail messages for Defendant's counsel, as well as a follow up email message, inquiring as to whether Defendant had any revisions to Plaintiff's proposed Joint Letter. However, at approximately 3:30 p.m. today, Defendant's counsel forwarded an entirely different Joint Letter that Defendant had drafted, without any advance notice to Plaintiff, and contrary to the parties' discussions last week. Defendant's draft letter also introduced new issues regarding the anticipated scope of remaining discovery, which the parties have not previously discussed, and which are objectionable to Plaintiff. Within minutes of receipt, Plaintiff's counsel responded by email and voicemail advising Defendant's counsel that Plaintiff objected to Defendant's proposed letter, and inquiring as to whether Defendant had any objections or revisions to Plaintiff's letter, consistent with the parties' discussions last week. Defendant's counsel responded by asserting that he had made a "commitment" to Your Honor's law clerk last Thursday, June 25, 2009, that the Joint Status Letter would be submitted by Defendant. Plaintiff responded by noting that: (i) Defendant had failed to inform Plaintiff of that asserted commitment at any point during the parties' multiple communications regarding the Joint Status Letter last week; (ii) Plaintiff objected to the substance of Defendant's letter; and (iii) Plaintiff

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
June 29, 2009
Page 2

As Your Honor may recall, Mr. Weber and Defendant Atlantic Zeiser/Orell Fussli ("Defendant" or the "Company") began pursuing discussions aimed at resolving this case with the assistance of a private mediator more than seven months ago, in October 2008. At that time, the parties had made significant progress in fact discovery. Mr. Weber responded to the Company's First Set of Interrogatories and First Set of Document Requests, and has produced copies of all responsive documents in his possession, custody or control. Mr. Weber also served notices for the depositions of six of the Company's employees and executives to take place in November 2008. The Company took Mr. Weber's deposition, responded to Mr. Weber's First Set of Interrogatories, and produced documents responsive to much of his First Set of Requests for Production of Documents.

Rather than pursuing a litany of outstanding document disputes memorialized in Plaintiff's letter to Defendant initiating the meet and confer process to attempt to resolve discovery disputes, and proceeding with the depositions of Defendant's representatives noticed for November 2008, the parties agreed to work in good faith to reach an amicable resolution of this case. In particular, the parties agreed to postpone further discovery efforts, as the associated costs could potentially undermine the possibility for settlement by increasing the financial losses that Mr. Weber needs to recover, while simultaneously depleting funds that could otherwise be allocated to a potential settlement offer by the Company.[2]

The parties' efforts to reach an amicable resolution of this case have been protracted. The parties participated in an in-person mediation session in January 2009, which was preceded by preparatory telephone conferences and the submission of detailed mediation statements. When an impasse arose during that initial mediation session that could only be resolved by reference to documents in the possession of a non-party insurance carrier, the parties were forced to adjourn mediation efforts and cooperate in obtaining those documents, which required significant time, despite the issuance of a subpoena. The parties thereafter conferred,

---

remained willing to consider any revisions or additions to Plaintiff's draft letter that Defendant would care to propose. (Copies of the parties' email correspondence this afternoon are attached hereto as <u>Exhibit 1</u>). Counsel thereafter conferred and appeared to reach an agreement with respect to the text of a Joint Letter. However, Defendant's counsel thereafter reconsidered the parties' agreement with respect to the text of a Joint Letter, and indicated that the only viable resolution to this dispute would be for the parties to submit separate Status Letters. Plaintiff therefore respectfully submits this Status Letter – which, with the exception of this footnote, is the same letter that Plaintiff provided to Defendant's counsel last week – on his own behalf.

[2]    As Defendant's counsel noted in correspondence to Plaintiff as recently as last month:

> "We have been under the impression that Plaintiff has been working in good faith to avoid unnecessary litigation and discovery activity which acts only to artificially incur costs and expenses and not to advance the litigation or increase the opportunity for an early resolution. We acknowledge Plaintiffs continued representation that he will take many depositions (in the US and perhaps Germany) and otherwise engage in 'extensive' discovery should a resolution not be reached."

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
June 29, 2009
Page 3

submitted supplemental mediation statements, and participated in a second in-person mediation session in April 2009. The second mediation session was adjourned after several hours based on the parties' agreement for the mediator to provide confidential written "mediator's proposals" to each party in light of the parties' discussions and the mediator's own assessment of the merits of Plaintiff's claims and the evidence produced to date, as well as the anticipated evidence that would be obtained through further discovery in the event that mediation efforts did not lead to a resolution of this case.

At all times from October 2008 through last week, Defendant's counsel expressed unequivocal confidence that this case would be resolved on the basis of a forthcoming settlement offer from the Company, provided that Plaintiff would simply allow him additional time to coordinate with his client, and for the Company to coordinate with its executives based in Germany. However, despite many months of delay, Defendant's counsel advised Plaintiff last week that no settlement offer in line with the mediator's recommendations would be forthcoming. As a result, Plaintiff has had no opportunity to complete discovery, which has been held in abeyance in good faith for more than seven months.

Pursuant to the Amended Scheduling Order dated May 27, 2009, affirmative expert reports are currently due on July 30, 2009, responding expert reports on August 30, 2009, and expert deposition by October 29, 2009. To avoid unfair prejudice to Plaintiff and ensure that both parties have a full and fair opportunity to complete discovery, the parties respectfully request that Your Honor extend the deadline for fact discovery through October 29, 2009, with any expert discovery to be completed simultaneously in accordance with current deadlines. This will enable the parties to complete all discovery in this case while preserving the current deadline for submission of the Joint Proposed Final Pretrial Order on November 30, 2009.

Your Honor's consideration of this request is very much appreciated. We look forward to discussing the status of this case and providing the Court with any additional information that may be required during the telephone status conference on July 1, 2009 at 10:00 a.m.

Respectfully submitted,

Scott B. Gilly

cc: Joseph C. Weber (*by U.S. Mail*)
Ariel Y. Graff, Esq. (*Counsel for Plaintiff* – by email)
James Scott Murphy, Esq. (*Counsel for Defendant* – by ECF)
Peter Cipparulo, III, Esq. (*Counsel for Defendant* – by email)