

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

Ariel Y. Graff
agraff@twglaw.com

August 14, 2009

**BY ECF AND OVERNIGHT DELIVERY**

Honorable Michael A. Shipp
United States Magistrate Judge
for the District of New Jersey
Martin Luther King, Jr. - U.S. Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, New Jersey 07101

    Re:    *Joseph C. Weber v. Atlantic Zeiser/Orell Fussli*, 08-CV-0977 (DRD) (MAS)

Dear Judge Shipp:

We represent Plaintiff Joseph C. Weber ("Plaintiff") in the above-referenced matter. As set forth in greater detail below, we write to respectfully request the Court's intervention to compel Defendant Atlantic Zeiser/Orell Fussli's ("Defendant") compliance with the parties' discovery agreements concerning Defendant's document production. We also respectfully request that the depositions of Defendant's officers and employees -- which are currently scheduled to take place on August 18, 19 and 20, 2009 -- be rescheduled for August 31, September 4, and September 8, 2009 (with the sequence of witnesses who have been noticed for depositions to remain unchanged), so that Plaintiff can have the opportunity to depose the witnesses with the benefit of the discovery materials that Defendant has failed to timely produce.

    I.    **The Parties' Agreements Concerning Defendant's Document Production**

Pursuant to Your Honor's instructions during the telephonic conference on July 1, 2009, as memorialized in the Amended Scheduling Order dated July 7, 2009, the parties conferred in good faith efforts to resolve outstanding disputes concerning written discovery by no later than July 14, 2009. In light of the agreements reached during those discussions, Plaintiff submitted a joint letter to the Court, dated July 14, 2009, to respectfully notify the Court that outstanding disputes concerning written discovery had been resolved among the parties in good faith. Defendant has nevertheless failed to comply with the parties' agreements concerning Defendant's production of responsive documents.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
August 14, 2009
Page 2

### A. Plaintiff's Email Correspondence

The parties' agreements included Defendant's commitment to produce all emails in Defendant's possession, custody or control that were sent to or from Plaintiff's email account at Defendant from 2004 through the termination of his employment in May 2006, by no later than July 24, 2009. (*See* Ex. 1; Ex. 2, at Part II(f), pp. 2-3). Plaintiff's email correspondence during his employment at Defendant is relevant to the claims and defenses at issue in this litigation, including, among other things, Defendant's claim that Plaintiff was demoted because he allegedly had "worked only in customer service for the impact manufacturing business," which was in decline, and lacked experience in "the growing system's side of the business."[1] However, Plaintiff alleges that this is merely a pretextual explanation for Defendant's unlawful retaliation against him for raising complaints about religion and age-based harassment committed against him in the workplace. Indeed, Plaintiff testified at his deposition that his work for Defendant was divided equally between the "systems" and "impact" sides of Defendant's business alike. Plaintiff therefore requires production of his email correspondence at Defendant to corroborate his testimony and demonstrate that Defendant's purported defense is pretextual.

### B. "Key Word" Searches of Defendant's Email Archives

Defendant also agreed to produce responsive email correspondence to be identified through "key word" searches of the Company's email archives from 2004 to the present. Specifically, Defendant agreed to produce emails containing any of the following terms: (i) discrimination; (ii) discriminate; (iii) harassment; (iv) harass; (v) retaliation; (vi) retaliate (vii) EEOC; (viii) "equal employment opportunity commission"; (ix) "deferred compensation"; (x) doggy; (xi) religion; (xii) Jew; (xiii) Judaism; (xiv) "concentration camp"; (xv) Holocaust; and (xvi) Israel. (*See* Ex. 4 at 2). However, Defendant has failed to produce these emails. Furthermore, although Defendant would not agree to search for, or produce, emails containing the terms "Weber" and/or "customer service," Defendant has refused to confer with Plaintiff concerning the basis for its objection to this request. (*See id.* at 1-2). Plaintiff therefore respectfully requests that Defendant be compelled to produce emails containing the words "Weber" and/or "customer service" as well.

### C. Portions of Specific Employees' Personnel Records

Although Plaintiff's document requests sought production of all employment-related documents and personnel files concerning specific employees who are identified in Plaintiff's Complaint -- including Tom Coco (whose deposition is scheduled for August 18),

---

[1]   Exhibit 3 at 5 (Def.'s Response to Pl.'s Interrog. No. 5).

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
August 14, 2009
Page 3

Michael Raimondo (scheduled for August 19), Connie Stoerk (scheduled for August 20), Klaus Oesch, and Bruno Masser -- Plaintiff agreed to limit the scope of this request to: "(i) Performance evaluations; (ii) Resumes; and (iii) Complaints/reports and/or discipline (formal or informal) with respect to discrimination, harassment, retaliation or other aspects of interpersonal relations." (Ex. 4 at 5). Defendant agreed to produce documents responsive to this request (*id.* at 2), but has nevertheless failed to do so.[2]

Moreover, even if Defendant had not agreed to produce the foregoing categories of documents and electronically stored information, these materials are plainly within the scope of discovery that Plaintiff is entitled to obtain in this litigation. *See generally* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); *Tele-Radio Sys. Ltd. v. DeForest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) ("Courts have construed this rule liberally, creating a broad vista for discovery."); Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Plaintiff therefore respectfully requests: (i) that Defendant be compelled to produce these materials by no later than next Friday, August 21, 2009; (ii) that the depositions currently scheduled to take place next Tuesday, Wednesday and Thursday, August 18-20, 2009, be rescheduled for August 31, September 4, and September 8, 2009; and (iii) that the sequence of witnesses that Plaintiff has duly noticed for depositions (including those currently scheduled for August 25, 27 and 28), remain unchanged, as Plaintiff should not be required to forego the order of witnesses that he has selected as a result of Defendant's failure to comply with its discovery agreements and obligations.[3]

---

[2] Indeed, for the past 10 days, Defendant's counsel has failed to respond at all to Plaintiff's multiple written requests concerning the status of Defendant's production. Moreover, Defendant's counsel, Mr. James Scott Murphy, Esq., informed Plaintiff's counsel yesterday that he had no information concerning Defendant's production, and that this issue could be discussed with his colleague Mr. Peter Cipparulo, Esq. on Monday, August 17, 2009, the day before depositions are currently scheduled to commence.

[3] *Cf. Nye v. Ingersoll-Rand*, No. 08-3481 (DRD) (MAS), 2009 U.S. Dist. LEXIS 62667, at *7 (D.N.J. July 20, 2009) ("It would be unreasonable and prejudicial for Defendant to have to depose Plaintiffs in an order dictated by Plaintiffs.").

We would also be happy to address any of the foregoing in greater detail during a telephonic or in-person conference should the Court determine that further information from the parties would facilitate its evaluation of these requests.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
August 14, 2009
Page 4

Thank you very much for Your Honor's consideration.

Respectfully submitted,

*[signature]*

Ariel Y. Graff

cc:   Scott B. Gilly, Esq. (*Counsel for Plaintiff* – by email)
      James Scott Murphy, Esq. (*Counsel for Defendant* – by ECF)
      Peter Cipparulo, III, Esq. (*Counsel for Defendant* – by email)