

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

Ariel Y. Graff
agraff@twglaw.com

August 24, 2009

**BY ECF AND OVERNIGHT DELIVERY**

Honorable Michael A. Shipp
United States Magistrate Judge
for the District of New Jersey
Martin Luther King, Jr. - U.S. Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, New Jersey 07101

   Re: *Joseph C. Weber v. Atlantic Zeiser/Orell Fussli*, 08-CV-0977 (DRD) (MAS)

Dear Judge Shipp:

As Your Honor is aware, we represent Plaintiff Joseph C. Weber ("Plaintiff") in the above-referenced matter. As set forth in Plaintiff's letter the Court dated August 14, 2009, because Defendant failed to timely produce numerous categories of responsive documents in accordance with the parties' discovery agreements, Plaintiff respectfully requested: (i) that the Court compel Defendant to produce all agreed-upon responsive documents by no later than August 21, 2009; and (ii) that the depositions that had been scheduled to take place on August 18, 19 and 20, 2009 be adjourned so that Plaintiff could have the opportunity to depose the witnesses with the benefit of the discovery materials that Defendant failed to timely produce.

Defendant responded by letter to the Court dated August 17, 2009, "to advise the Court that the outstanding discovery issues have been resolved." Specifically, Defendant's letter stated: (i) that the parties had agreed upon a revised deposition schedule, as requested by Plaintiff; and (ii) that Defendant had agreed to provide Plaintiff with the responsive documents identified in Plaintiff's letter to the Court (and set forth in the parties' prior correspondence and agreements) by no later than August 21, 2009.[1]

Notwithstanding Defendant's initial failure to timely produce those documents in accordance with the parties' agreements, as well as Defendant's explicit, written

---

[1] A copy of Defendant's letter to the Court dated August 17, 2009 is attached hereto as <u>Exhibit 1</u>.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
August 24, 2009
Page 2

representation to the Court that those documents would be delivered to Plaintiff by no later than August 21, 2009, Defendant has still failed to produce those documents to Plaintiff.

In light of the pending deadline for completion of fact discovery and fact witness depositions by September 14, 2009, Plaintiff intends to proceed with the depositions of Defendant's officers and employees as scheduled, rather than seeking a further adjournment as a result of Defendant's failure to comply with its discovery agreements and obligations. However, Plaintiff respectfully reserves his right to reopen the depositions of any witnesses with respect to relevant documents that Defendant may produce subsequent to their depositions. Furthermore, in light of Defendant's continuing failure to comply with its discovery agreements and explicit representations to the Court, which continues to impose prejudicial delay and unnecessary burden and expense on Plaintiff, we respectfully request that the Court interpose an appropriate discovery sanction or admonition against Defendant, sufficient to deter a recurrence of such dilatory and prejudicial conduct in this litigation.

Respectfully submitted,

Ariel Y. Graff

cc:   Scott B. Gilly, Esq. (*Counsel for Plaintiff* – by email)
      James Scott Murphy, Esq. (*Counsel for Defendant* – by ECF)
      Peter Cipparulo, III, Esq. (*Counsel for Defendant* – by email)