**GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN**
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042
**Telephone: 973-509-7500**
Attorneys for Defendant, Atlantic Zeiser/Orell Fussli
Our File No. 512.21533/JSM

RECEIVED SEP 30 2009 AT 8:30 WILLIAM T. WALSH, CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH C. WEBER, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO: |
| vs. | : 08-CV-00977 (DRD/MAS) |
| | : |
| ATLANTIC ZEISER/ORELL FUSSLI, | : |
| Defendant. | : |

### CONSENT CONFIDENTIALITY ORDER

The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. <u>Scope</u>. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other material which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), may be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. <u>Form and Timing of Designation</u>. A party may designate documents as restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation if possible. Documents shall be designated CONFIDENTIAL prior to or within 30 days following the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Nothing in this Order shall be deemed a waiver of any discovery or evidentiary objection.

3. <u>Documents Which may be Designated CONFIDENTIAL</u>. Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney or a party appearing *pro se* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, financial records, medical records, trade secrets, personnel records, or commercial information. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

5. <u>Protection of Confidential Material</u>.

(a) <u>General Protections</u>. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed

2

by the parties, counsel for the parties or any other persons identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) <u>Counsel</u>. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2) <u>Parties</u>. Parties and employees of a party to this Order <u>provided</u>, however, to employees only to the extent necessary to litigate this action;

(3) <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for deposition or other proceedings in this action;

(4) <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents or electronically stored information;

(5) <u>Consultants and Experts</u>. Consultants, investigators, or experts (hereinafter referred to

collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(6) <u>Witnesses and Potential Witnesses</u>. Witnesses and potential witnesses in preparation for being called in good faith to testify at trial or deposition in this action;

and

(7) <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

(d) <u>Copies</u>. All copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of a document designated as "CONFIDENTIAL," shall be affixed with the designation "CONFIDENTIAL", if practicable, if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the

substance of the confidential information contained in those documents.

6. <u>Filing of CONFIDENTIAL Documents Under Seal</u>. Before any document marked as CONFIDENTIAL is filed with the Clerk the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be electronically filed under seal only in accordance with Local Rule 5.3.

7. <u>No Greater Protection of Specific Documents</u>. No party may withheld information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8. <u>Challenges by a Party to Designation as Confidential</u>. Any CONFIDENTIAL designation is subject to challenge by any party (hereafter "party"). The following procedure shall apply to any such challenge.

   (a) <u>Objection to Confidentiality</u>. Within 30 days of the receipt of any document designated CONFIDENTIAL a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to

5

which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which objection has been made shall remain CONFIDENTIAL until designated otherwise by waiver, agreement or order of the Court.

(b) <u>Obligation to Meet and Confer</u>. The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

(c) <u>Obligation to File Motion</u>. In the absence of agreement as to any documents designated CONFIDENTIAL, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL designation. The moving party has the burden to show good cause for the CONFIDENTIAL designation. The failure to file the motion waives the CONFIDENTIAL designation of documents to which objection was made.

9. <u>Action by the Court</u>. Applications to the Court for an order relating to documents designated CONFIDENTIAL shall be by motion under Local Rule 7.1. Nothing in this Order or any action or agreement of a party under this Order limits the

Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. <u>Use of Confidential Documents or Information at Trial</u>. A party that intends to present or which anticipates that another party may present at trial CONFIDENTIAL documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. <u>Obligations on Conclusion of Litigation</u>.

(a) <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Return of CONFIDENTIAL Documents</u>. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated a CONFIDENTIAL under this Order, including copies as defined in ¶5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents hearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy

7

documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

12. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own motion or on motion of party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1.

13. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issues.

14. <u>Request For Entry Upon Land Pursuant to Rule 34(a)(2)</u>

Any and all photographs, videotapes or information obtained pursuant to Request for Entry Upon Land shall be confidential

and can be reviewed by counsel, parties, court reporters and recorders, contractors, consultants and experts, and others by consent as outlined in Paragraph Five of the Order. Furthermore, counsel for the parties should make reasonable efforts to prevent unauthorized disclosure of photographs and videotapes obtained pursuant to plaintiff's Request for Entry Upon Land.

15. *Person Bound.* This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 9/30/09

~~U.S. District Judge~~
U.S. Magistrate Judge

WE SO MOVE
and agree to abide by the
terms of this Order

JOSEPH C. WEBER

By his attorneys,

Ariel Y. Graff
THOMPSON WIGDOR & GILLY LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800

Dated: September 18, 2009

WE SO MOVE
and agree to abide by the
terms of this Order

ATLANTIC ZEISER/ORELL
FUSSLI

By its attorneys,

Peter Cipparulo, III
GARRITY, GRAHAM, MURPHY,
GAROFALO & FLINN, P.C.
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042-8205

Dated: