# GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

ONE LACKAWANNA PLAZA, PO BOX 4205
MONTCLAIR, NJ 07042-8205
(973) 509-7500
FAX (973) 509-0414

Peter Cipparulo, III, Esq.
*NJ Bar*
Of Counsel

Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Phone Ext. 207
E-Mail: pc@garritygraham.com

New York Office

PMB 46015
140 BROADWAY
46TH FLOOR
NEW YORK, NY 10005
(212) 858-7716

October 5, 2009

**VIA ECF**

Honorable Michael A. Shipp, Magistrate
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ    07102

>    Re:  Weber, Joseph v. Atlantic Zeiser, Inc.
>         Civil Action No.    :  08-CV-00977 (DRD/MAS)
>         Our File No.        :  512.21533/JSM

Dear Judge Shipp:

Please accept this letter brief as defendant Atlantic Zeiser Inc.'s ("Atlantic Zeiser) opposition to plaintiff's motion to compel the deposition of Klaus Oesch and in response to plaintiff's motion to compel defendant to disclose its private financial information for the years 2004 to 2007.

First, in an effort to avoid motion practice over paper discovery, defendant produced certain financial schedules during the time periods requested by plaintiff (See Exhibit A- copy of letter dated September 24th enclosing discovery). Unfortunately, this concession did not satisfy plaintiff's

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 2

requests and plaintiff filed its motion for the financial information. In an effort to avoid burdening the Court with discovery issues, defendant will produce the financial information requested by plaintiff.

Defendant, however, objects in the strongest possible terms, any obligation to produce Klaus Oesch, the Chairman of the Board of Orell Fussli Holding AG ("Orell Fussli") for deposition. This office does not represent Orell Fussli and cannot produce Mr. Oesch. Atlantic Zeiser, Inc., a New Jersey corporation, is a wholly owned subsidiary of Atlantic Zeiser GmbH, a German company which owns 100 percent of its stock. Atlantic Zeiser Beteiligungen GmbH, a German company, owns 100 percent of Atlantic Zeiser GmbH. Orell Fussli Holding AG, a Swiss corporation, owns 100 percent of Atlantic Zeiser GmbH. (See Exhibit B, R. 7.1 Disclosure of Corporate Affiliation).

Mr. Oesch, a German national, is the current Chairman of the Board of the Board of Orell Fussli Holding AG. If the plaintiff intends to take the deposition of Mr. Oesch, he must subpoena Mr. Oesch and the deposition would take place consistent with the requirements of Rules of Civil Procedure 45 regarding travel restrictions.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 3


This litigation involves an employment related dispute between the plaintiff Joseph Weber and his employer Atlantic Zeiser, Inc. (Atlantic Zeiser) based in West Caldwell, New Jersey. In June 2006, Atlantic Zeiser sought to restructure its Atlantic Zeiser has two lines of business: one is referred to as "impact" business and the other as "systems" business. The "impact" business, which was started by a predecessor company, Atlantic Control Systems, is a mechanical printing business which placed number sequences on documents or products using older mold-plate technology. The "systems" business is a printing business that relies on the use of ink jets, cameras and software for bar codes and the same operations. With the introduction of computers into mainstream business, there became less demand for impact printing. These statements are evidenced by documents indicating that Atlantic Zeiser was contemplating reorganization for quite some time. For example, a memorandum was sent to Atlantic Zeiser's parent company Orell Fussli Holding AF on July 20, 2005 regarding reducing the size of reducing the "impact" side of the business due to decreased demand. A memorandum of May 2, 2006 further confirms Atlantic Zeiser's intent to combine the two

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 4

areas of business. (See exhibit C and D respectively).

As part of this restructuring, Atlantic Zeiser sought to have Mr. Weber move from the impact side of the business to the non-impact side. (See Exhibit E, Deposition of Thomas Coco, T235:18-T238:19). Mr. Coco has been the CEO of Atlantic Zeiser, Inc. since the spring of 2005. (See Exhibit E, T:197:14-19. Mr. Weber would no longer report to Mr. Coco, but instead would now report to a new supervisor (Kyle Severson) who was proficient in the systems side of the business (See Exhibit E, T239:17 to T241:5). This change would require Mr. Weber to move out of his office to another location in the building near where Mr. Severson was located. (See Exhibit E, T239:17 to T241:5).

Mr. Weber, however, refused to accept the change. Instead, took three works off from work while his attorney attempted to negotiate his departure from the company. (See Exhibit E, T285:4-22 and Exhibit F email from plaintiff's counsel dated July 21, 2006).

When Mr. Weber did finally return back to work, he refused to move from his office and communicate with his co-workers. (See exhibit E-T334:25-335:24). Mr. Weber continued

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 5

to refuse to accept the change.  Thereafter, Mr. Coco made the decision to terminate his employment.  (See Exhibit E, T342:3-22).  It was Mr. Coco's decision to terminate Mr. Weber's employment. (See Exhibit E, T341:19-21).

As demonstrated, the sole decision to terminate Mr. Weber's employment was made by Mr. Weber's supervisor and the CEO of Atlantic Zeiser, Thomas Coco.  Plaintiff seeks the deposition of Klaus Oesch although plaintiff can point to no evidence that Mr. Oesch made the decision to terminate Mr. Weber.  In fact, Mr. Weber himself testified that he had no substantial conversations with Mr. Oesch and  Mr. Oesch never made an anti-Semitic or anti-age comment to him.  (See Exhibit F, Deposition of Joseph Weber, T100:17 to T102:8).

Frankly, plaintiff's attempt to have defendant produce Mr. Oesch for deposition is a  continuation of plaintiff engaging in protracted discovery tactics.  To date, defendant has produced the CEO (Tom Coco) and CFO (Mike Raimondo) of Atlantic Zeiser for deposition.  (See Exhibit G-declaration of Peter Cipparulo, III).  Those depositions both lasted the full seven hours permitted under Federal Rules of Civil Procedure. (See Exhibit G).  Additionally, defendant produced  four

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 6

employees of Atlantic Zeiser for depositions. As a courtesy for both plaintiff's counsel and Atlantic Zeiser's employees, defendant did not require those employees to be subpoenaed, but instead produced them voluntarily. (See Exhibit G) Those depositions, for the most part, lasted the full day. (See Exhibit G).

Defendant has produced over 6,000 pages of written discovery on this single employee litigation. (See Exhibit G) Defendant has worked diligently to produce this discovery to avoid burdening the Court over paper discovery issues.

Plaintiff has argued that Mr. Oesch should be produced for deposition as a managing agent of Atlantic Zeiser. Mr. Oesch does not qualify as a managing agent. A managing agent involves an employee of a company who is not a corporate officer or director and is made pursuant to a R. 30(b)(6) designation. See Luther v. Kia Motors America, Inc. 2009 WL 1727909 (W.D. Pa). Here, plaintiff has filed a notice for deposition pursuant to R. 30(b)(1)and (2)(page 2 of plaintiff's brief. In fact, in Terry v. Modern Woodmen of America 57 F.R.D. 141, the court construed the defendant's sales agent as a managing agent appropriate for deposition

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 7

pursuant to Rule 30(b)(6). Id. at 143-4. The Terry case cited Tomingas v. Douglas Aircraft Co. 45 F.R.D. 94(S.D.N.Y. 1968)for examining some of the key factors for determining a managing agent. Those factors include whether the deponent could be relied on the to give testimony at his principal's direction or whether there are any person or persons in higher authority in charge of the matter of which information is sought. Id. at 143 citing Tomingas, supra at 96. Tomingas required a corporation to produce its employee engineers for deposition. Other cases have held that a corporation had to produce its employee general manager of a railroad company who had responsibility for 56,000 employees and 4,300 miles of track. See Crimm V. Missouri Pacific R. Co, 750 F. Ed 703 (8th Cir. 1984) Another corporation had to produce an employee chief surgeon who headed a medical staff for deposition. See Krauss v. Erie R. Co. 16 F.R.D. 126 (1954).

Plaintiff fails to cite one case where a court has construed that a managing agent includes a corporate officer or director of a parent corporation. This failure is because the courts, as outlined above, only construe a managing agent to be an employee non officer and/or director of a named

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 8

defendant corporation. Plaintiff cites <u>National Labor Relations Board v. Browning-Ferris Industries of Pennsylvania</u>, 691 F.2d 1117 (3rd Cir 1982) to support its argument. That case is inapposite since it does not address the "managing agent" analysis for producing a person for deposition, but merely holds whether two unrelated entities can be considered joint employers for National Labor Relations Board determination of unfair labor practices. <u>Id</u>. at 1124.

Here, Mr. Oesch does not qualify as a managing agent of defendant Atlantic Zeiser. He is the Chairman of the Board of the senior parent corporation and did not make the decision to terminate Mr. Weber's employment. The decision to terminate Mr. Weber was made by his supervisor and the CEO of Atlantic Zeiser, Tom Coco. Mr. Coco has been deposed for seven hours. Atlantic Zeiser's CFO has been deposed for seven hours. Atlantic Zeiser has fulfilled its discovery obligations and requests the Court to deny the plaintiff's application.

Finally, defendant previously advised plaintiff that it would not be producing Klaus Oesch during meet and confer session prior to the entry of the July 7, 2009 Discovery Order. (See Exhibit G) That Order specifically provided that

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

October 5, 2009
Page 9

any discovery disputes were to be brought to the Court's attention by July 14, 2009. Plaintiff failed to do so. Instead, plaintiff sent a deposition notice dated August 28, 2009 scheduling Mr. Oesch's deposition for September 10, 2009. (See Exhibit G). Thus, plaintiff has waived any right to seek to have defendant produce Mr. Oesch for deposition since plaintiff failed to bring the matter to the Court's attention by July 14, 2009 as required by the Court's order of July 7, 2009.

Respectfully submitted,

/s/ Peter Cipparulo, III

PETER CIPPARULO, III

PC:pc