UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------ x
JOSEPH C. WEBER,                              :
                                              :
                Plaintiff,          :
                                              :
      v.                             :     No.: 08-cv-0977 (DRD) (MAS)
                                              :
ATLANTIC ZEISER/ORELL FUSSLI,                 :
                                              :
                Defendant.          :
------------------------------------------------------------------ x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**


                                      THOMPSON WIGDOR & GILLY LLP

                                      Scott B. Gilly
                                      Ariel Y. Graff
                                      85 Fifth Avenue
                                      New York, New York 10003
                                      Telephone: (212) 257-6800
                                      Facsimile: (212) 257-6845

                                      *COUNSEL FOR PLAINTIFF JOSEPH WEBER*

Plaintiff Joseph C. Weber ("Mr. Weber") respectfully submits this memorandum in further support of his motion: (i) to compel Klaus Oesch ("Oesch") – who was President of Defendant Atlantic Zeiser, Inc. ("Defendant," or "the Company") during the final year of Mr. Weber's employment, and who is currently the Chairman of the Board of Directors of Orell Fussli AG, of which Atlantic Zeiser, Inc. is a wholly owned subsidiary – to appear for his duly noticed deposition in the District of New Jersey; and (ii) to compel production of Defendant's financial reports to Orell Fussli for the years 2004 through 2007.[1]  As set forth in greater detail below, Defendant's memorandum in opposition to Plaintiff's motion (hereinafter, "Def.'s Mem.") fails to articulate a cogent justification for Oesch's failure to appear for his duly noticed deposition pursuant to Fed. R. Civ. P. 30(b)(1), and Plaintiff's motion should therefore be granted in its entirety.

## I. Defendant Has Failed to Rebut to Rebut Plaintiff's Explanation of Oesch's Substantial Relevance to this Case

In a conclusory attempt to demonstrate the purported irrelevancy of Oesch's deposition to Mr. Weber's claims of discrimination and retaliation, Defendant claims that "the sole decision to terminate Mr. Weber's employment" was purportedly made by Coco and not by Oesch.  (Def.'s Mem. at 5).  However, Defendant's self-serving assertion pointedly ignores the substantial evidence in the record demonstrating that Oesch's deposition is directly relevant to the claims at issue in the instant litigation.  As explained in Plaintiff's opening brief: (i) Oesch was its President during the final year of Mr. Weber's employment;  (ii) Oesch abruptly and inexplicably transferred the presidency to Coco

---

[1]  Although Defendant's Opposition to Mr. Weber's motion asserts that "[i]n an effort to avoid burdening the Court with discovery issues, Defendant will produce the financial information requested by Plaintiff," Defendant has failed to do so.  Accordingly, Plaintiff respectfully requests that the Court grant this aspect of his motion and Order Defendant to immediately produce the financial reports that Plaintiff has repeatedly requested.

approximately 10 days after receiving a letter from Mr. Weber's attorneys regarding the Company's apparent discrimination and retaliation against him; and (iii) Oesch continues to exercise control over the Company as Coco's current "supervisor." (*See* Pl.'s Mem. 2-3).

That Defendant does not even attempt to dispute these points, thereby conceding their accuracy, is in itself ample evidence that Oesch did, in fact, play a role in the decision to terminate Mr. Weber's employment. Defendant also ignores the meeting minutes that Oesch drafted the month before Mr. Weber's termination, which memorialize Oesch's characterization of Mr. Weber's claims as "ridiculous" and his suggestion that Mr. Weber's decision to retain counsel would adversely impact his future at the Company. (*See id.* at 2). Moreover, even assuming, *arguendo*, that Oesch played no role in the decision to terminate Mr. Weber's employment – notwithstanding the compelling evidence to the contrary – Mr. Weber nevertheless remains entitled to question Oesch about the Company's claim that the "restructuring" of his position within weeks of his protected complaints of discrimination was merely the outgrowth of a long-planned business reorganization.

## II. Defendant Misstates the Relevant Standard for Determination of "Managing Agent" Status Under Fed. R. Civ. P. 30(b)

Defendant mistakenly argues that Oesch was not required to appear for his duly noticed deposition as Defendant's "managing agent" under Fed. R. Civ. P. 30(b)(1) on the grounds that "managing agent status" is purportedly limited to the context of Rule 30(b)(6) designees (*see* Def.'s Mem. at 6), and/or because courts purportedly "only construe a managing agent to be an employee non officer and/or director of a named defendant corporation" (*id.* at 7-8). However, none of the cases that Defendant cites support either of these propositions. For example, although the issue in *Luther v. Kia Motors Am., Inc.*, No. 08-386 (WLS), 2009 U.S. Dist. LEXIS 53494 (W.D. Pa. June 18, 2009), was whether a

2

witness designated by the corporate defendant to testify on its behalf pursuant to Rule 30(b)(6) could be compelled to appear for his deposition as "an officer, director or managing agent" of the defendant, the court never even suggested that "managing agent" status is limited solely to the context of Rule 30(b)(6) designees. To the contrary, the text of Rule 30(b)(6) itself explicitly states that its provisions "do[] not preclude a deposition by any other procedure allowed by these rules," including, as in this case, Rule 30(b)(1). *See Luther*, 2009 U.S. Dist. LEXIS 53494, at *5 (quoting Fed. R. Civ. P. 30(b)(6)).

*Luther* does, however, explain that:

> The key element in determining whether an individual is a managing agent is whether he or she is invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent . . . who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it.

*Id.* at *7 (citations omitted).

As set forth in Plaintiff's opening memorandum, Oesch exemplifies each of these characteristics of a managing agent. Indeed, not only was he Defendant's President during the final year of Plaintiff's employment, he also continues to exercise "judgment and discretion" as Coco's "supervisor" and the President of the Company's sole parent corporation. (*See* Pl.'s Mem. at 5-6).

Moreover, contrary to Defendant's conclusory assertion that courts "only construe a managing agent to be an employee non officer and/or director of a named defendant corporation," federal courts have, in fact, held that officers of a corporate defendant's parent corporation can be compelled to appear for depositions upon notice as defendant's "managing agents" under the precise circumstances at issue here. For example, in *Rehau, Inc. v. Colortech*, Inc., 145 F.R.D. 444 (W.D. Mich. 1993), the court held that an officer of a

3

corporate plaintiff's European-based corporate parent – who, like Oesch, had formerly served as an officer of the plaintiff's corporation in the United States – may be compelled to testify, pursuant to notice, as an officer, director or managing agent of the corporate plaintiff in the United States:

> Plaintiff first argues that the Court cannot compel the deposition of Jobst Wagner because he is no longer employed by plaintiff. Jobst Wagner left the employ of Rehau in October of 1990. However, he is currently the Director of Purchasing for plaintiff Rehau's European based parent company. Jobst's father, Helmut, is President of plaintiff Rehau and its European parent company as well. In addition, he was a member of plaintiff Rehau's Management Committee while he was located in the United States. Upon review, I believe that Magistrate Judge Rowland's conclusion that Jobst Wagner may be considered an officer, director, or managing agent of plaintiff, and therefore his deposition may be compelled without subpoena, is not clearly erroneous or contrary to law.

*Id.* at 445. In this case, as in *Rehau*, the Company has simply denied that Oesch can be compelled to appear for his duly noticed deposition based on his status as Defendant's "managing agent," without addressing the basic facts of Oesch's unique position at the Company that bear all the hallmarks of managing agent status under Rule 30(b).

Finally, even if Defendant's opposition to Plaintiff's motion seriously challenged Oesch's status as a "managing agent" as defined by the cases that Defendant relies upon in its memorandum,[2] which it tellingly does not, the law requires that any such doubts must

---

[2]   *See Terry v. Modern Woodmen of America*, 57 F.R.D. 141, 143 (W.D. Mo. 1972) (cited in Def.'s Mem. at 6-7) ("Whether the defendant is a "managing agent" depends on several factors, one of which is whether the interests of the individual involved are identified with those of his principal and on the nature of his functions, responsibilities and authority respecting the subject matter of the litigation.); *Crimm v. Missouri P. R. Co.*, 750 F.2d 703, 708 (8th Cir. Mo. 1984) (cited in Def.'s Mem. at 7) (same); *Krauss v. Erie R. Co.*, 16 F.R.D. 126, at *3 (D.N.Y. 1954) (cited in Def.'s Mem. at 7) ("A managing agent, as distinguished from one who is merely 'an employee' is a person invested by the corporation with general powers to exercise his Judgment and discretion in dealing with corporate matters . . . . He must be a person who has 'the interests of the corporation so close to his heart that he could be depended upon to carry

4

be resolved in favor of Plaintiff, the party seeking Oesch's deposition. *See Triple Crown Am. v. Biosynth AG*, No. 96-7476, 1998 U.S. Dist. LEXIS 6117, at *7 (E.D. Pa. Apr. 29, 1998) ("At the discovery stage, doubts about an individual's status as a 'managing agent' are resolved in favor of the examining party").

### III.     Plaintiff Has Not Waived His Right to Compel Oesch's Deposition

In a closing broadside, Defendant disingenuously claims that "Plaintiff has waived any right to seek to have Defendant produce Mr. Oesch for Deposition since Plaintiff failed to bring the matter to the Court's attention by July 14, 2009 as required by the Court's Order of July 7, 2009," and because Plaintiff purportedly failed to serve notice for Oesch's deposition prior to August 28, 2009, (Def.'s Mem. at 9). However, as Defendant knows, Mr. Weber first served notice for Oesch's deposition on *November 11, 2008*. (*See* Reply Declaration of Ariel Y. Graff ("Reply Decl."), Ex. 1). When Defendant advised that it would not produce Oesch pursuant to Plaintiff's notice of deposition during the parties' "meet and confer" session in anticipation of the July 7, 2009 Amended Scheduling Order (*see* Def.'s Mem. at 8), Plaintiff indicated that a date for Oesch's anticipated deposition could not be confirmed "at this time, pending further investigation as to [his] country of residence and/or anticipated presence in the United States" for purposes of scheduling his deposition by subpoena. (*See* Reply. Decl., Ex. 2, at 1 ¶ (iv)).[3]

---

out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.") (citations and internal quotations omitted).

[3]     The disingenuousness of Defendant's assertion that "[i]f the Plaintiff intends to take the deposition of Mr. Oesch, he must subpoena Mr. Oesch and the deposition would take place consistent with the requirements of Rule[] 45 regarding travel restrictions" is belied by Defendant's ongoing refusal to disclose information regarding Oesch's scheduled travels to this District, or to any jurisdiction in the United States in which Plaintiff could effectuate service of a subpoena under Rule 45. *See* Def.'s Mem. at 2. Moreover, as Defendant knows, Rule 45 does

When Oesch's status as Defendant's "managing agent" became apparent during the course of subsequent depositions – and in light of subsequently produced documents that Defendant failed to timely produce prior to entry of the July 7, 2009 Amended Scheduling Order – Plaintiff immediately served a second notice for Oesch's deposition dated August 28, 2009.  (*See* Reply Decl. Ex. 3).  However, rather making application for entry of a protective order pursuant to Rule 26(c), Defendant failed to produce Oesch for his duly noticed deposition, thereby necessitating this application to compel.

### CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion in its entirety and compel Defendant to produce Klaus Oesch for his duly noticed deposition in the District of New Jersey, and to produce its financial reports for the years 2004 through 2007.

Dated: October 13, 2009
    New York, New York

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _[signature]_
    Scott B. Gilly
    Ariel Y. Graff

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845

*COUNSEL FOR PLAINTIFF JOSEPH WEBER*

---

not authorize service of a subpoena upon a foreign national in a foreign country, and the alternative procedures available under the Hague Convention are burdensome, unreasonably protracted and, more importantly, completely unnecessary in light of Oesch's obligation to appear for his duly noticed deposition as Defendant's "managing agent" under Rule 30(b). *Cf.* Def.'s Mem. at 2.