

## Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Scott B. Gilly**
sgilly@twglaw.com

November 4, 2009

**BY ECF AND OVERNIGHT DELIVERY**

Honorable Michael A. Shipp
United States Magistrate Judge
for the District of New Jersey
Martin Luther King, Jr. - U.S. Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, New Jersey 07101

      Re:    *Joseph C. Weber v. Atlantic Zeiser/Orell Fussli*, 08-CV-0977 (DRD) (MAS)

Dear Judge Shipp:

As Your Honor is aware, we represent Plaintiff Joseph C. Weber ("Plaintiff" or "Mr. Weber") in the above-referenced action. We write to respectfully request the Court's intervention in connection with Defendant Atlantic Zeiser/Orell Fussli's ("Defendant") failure to produce responsive documents on purported grounds of privilege. As set forth in greater detail below, the descriptions of these documents on Defendant's privilege log demonstrate that they are either non-privileged on their face, or that any potential privilege that might otherwise have been asserted by Defendant has been waived.[1] Accordingly, we request that the Court order the immediate production these six documents by Defendant.

---

[1]    Defendant produced its initial "privilege log" by letter dated August 25, 2009, which identified a total of ten documents that Defendant withheld from production. (*See* Exhibit 1). On August 26, 2009, Plaintiff's counsel conferred with Defendant's counsel regarding our objections to the assertion of privilege with respect to six of the items on its privilege log, and memorialized these objections by letter dated August 27, 2009. (*See* Exhibit 2). On September 18, 2009, Defendant produced an "amended privilege log" asserting that "Defendant maintains its privilege" as to these six items despite Plaintiff's objections. (*See* Exhibit 3). Plaintiff thereafter conferred with Defendant by telephone, in person and in writing, in repeated good faith attempts to resolve this dispute without judicial intervention. (*Cf.* Exhibit 4) (Def.'s letter dated November 2, 2009). Defendant continues to resist production of these six documents despite the inapplicability of the asserted privilege.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
November 4, 2009
Page 2

## I. Privilege Waived by Defendant's Voluntary Disclosure to "Third Party"

Defendant's assertions of attorney-client privilege in connection with the email correspondence described at items number "2" and "8" of its privilege log has been waived because Defendant has previously claimed that the recipients of those communications are third parties. Specifically, the communications at issue were exchanged by Tom Coco, the CEO of Atlantic Zeiser, Inc. in New Jersey, and two employees of Atlantic Zeiser's foreign parent corporation in Germany. However, as set forth in Defendant's opposition to Plaintiff's motion to compel the deposition of Klaus Oesch (the President of Atlantic Zeiser's parent corporation), Defendant has refused to produce Oesch for his duly noticed deposition on the asserted grounds that Atlantic Zeiser-New Jersey is a completely different entity than its foreign parent corporation, and that Defendant is therefore purportedly under no obligation to produce the officers or agents of its parent corporation for depositions in the District of New Jersey.[2] Defendant is attempting to have it both ways.

In light of its strenuous assertion that the domestic subsidiary and foreign parent corporations cannot be regarded as a single entity for purposes of discovery, Defendant's voluntary disclosure of attorney-client communications to agents or employees of its assertedly separate, non-party foreign parent necessarily effectuates a waiver of any otherwise valid claim of attorney-client privilege. *See, e.g., Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 309 (D.N.J. 2008) (voluntary disclosure of attorney-client communication to third party waives attorney-client privilege). Accordingly, Plaintiff respectfully requests that Defendant be directed to immediately produce the correspondence described at items number "2" and "8" of its privilege log.[3]

## II. Defendant is Obligated to Produce Emails Between Coco and Raimondo

### A. Items Number "3" and "5" Fail to Identify Any Privilege At All

Defendant's privilege log identifies items number "3" and "5" as email correspondence between Tom Coco and Michael Raimondo (Defendant's CEO and CFO, respectively) "made

---

[2] *See* Defendant's letter memorandum in opposition to Plaintiff's Motion to Compel Discovery (ECF #43, at 1-2).

[3] As set forth in Plaintiff's motion to compel Oesch's duly noticed deposition, Defendant is required to produce Oesch in his capacity as Defendant's "managing agent." (*See* ECF #41). Although Defendant's refusal to produce Oesch is devoid of merit, Defendant cannot escape the consequences of having claimed that its corporate parent is a distinct, non-party entity; namely, the waiver of attorney-client privilege in connection with communications about this case that it has voluntarily disclosed to representatives of its corporate parent.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
November 4, 2009
Page 3

in anticipation of litigation." However, correspondence between Defendant's executives – who have each been deposed as significant fact witnesses in this case – is clearly discoverable and outside the scope of any cognizable privilege. Indeed, Defendant's privilege log does not even identify the purported "privilege" that Defendant relies upon in resisting disclosure of these materials. Accordingly, Plaintiff respectfully requests that Defendant be directed to produce items number "3" and "5" on its privilege log, which are non-privileged on their face.

> **B. Any Potential Privilege Has Been Waived by Defendant's Designation of Raimondo as a "Testifying Expert"**

By letter dated October 14, 2009, Defendant designated Raimondo as a putative testifying "expert," and produced a two-page letter by Raimondo in purported compliance with Rule 26(b)(2)(B). However, having designated Raimondo as a testifying expert – and refusing to withdraw this designation despite Plaintiff's objections – Defendant has clearly waived any possible claim of privilege with respect to materials that Raimondo has reviewed in connection with this case. *See Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*, No. 07-cv-406, 2009 U.S. Dist. LEXIS 99811, at *21 (E.D. Pa. Oct. 26, 2009) (holding that "when a party provides attorney work product to a testifying expert and that information is 'considered' by the expert and becomes subject to the disclosure requirements of Rule 26(a)(2)(B), then the protection from disclosure ordinarily given to attorney work product is waived and the information must be disclosed"); *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005) (A party "must disclose all materials, regardless of privilege, that [the party's] expert generated, reviewed, reflected upon, read, and/or used in formulating his conclusions, even if these materials were ultimately rejected by [the party's] expert in reaching his opinions."). Accordingly, Plaintiff respectfully requests that Defendant be directed to immediately produce the communications described at items number "3" and "5" of its privilege log, as any otherwise valid claim of privilege with respect to these items has been waived.

> **III. Documents Redacted on Grounds of "Privacy and Confidentiality" as to "Salary" Information**

Defendant has produced redacted versions of items number "9" and "10" on its privilege log, purportedly because the redacted portions of these documents are protected on grounds of "privacy and confidentiality" as to "salary" information, neither of which are cognizable privileges against disclosure in federal court, particularly in light of the Confidentiality Stipulation and Order that has been entered in this case to govern the treatment of "confidential" materials produced in discovery. *See, e.g., Danilo v. HealthHelp, Inc.*, No. 01-CV-5625, 2002 U.S. Dist. LEXIS 14120, at *12 (E.D. Pa. July 2, 2002) (compelling production of financial statements of corporation despite Defendant's claim that statements would reveal confidential, proprietary information). Indeed, Defendant did not

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
November 4, 2009
Page 4

even attempt to justify its prior refusal to produce its internal financial reports on these grounds after Plaintiff was forced to file a motion to compel. Moreover, although we have offered to review the redacted portions of these documents on an "attorneys' eyes only" basis to determine whether Plaintiff requires formal production of the redacted portions of these documents, Defendant has not agreed to our proposal. Accordingly, Plaintiff respectfully requests that Defendant be directed to produce any and all responsive documents that have been withheld based on specious claims of "confidentiality as to salary" or other financial information.

Respectfully submitted,

Scott B. Gilly

Attachments

cc:   Ari Graff, Esq.
      Peter Cipparulo, III, Esq. (*counsel for Defendant* – by ECF)