

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Ariel Y. Graff**
agraff@twglaw.com

November 19, 2009

**BY ECF AND FACSIMILE**

Honorable Michael A. Shipp
United States Magistrate Judge
for the District of New Jersey
Martin Luther King, Jr. - U.S. Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, New Jersey 07101

    Re:    *Joseph C. Weber v. Atlantic Zeiser/Orell Fussli*, 08-CV-0977 (DRD)(MAS)

Dear Judge Shipp:

We represent Plaintiff Joseph C. Weber ("Plaintiff"), and write in response to Defendant's letter yesterday. Despite the Court's request for a joint letter summarizing the discovery issues that remained outstanding after being raised in the parties' previous correspondence and/or motions, Defendant submitted a new letter raising new purported discovery disputes. Unfortunately, this is consistent with opposing counsel's repeated tactic of raising a baseless hodgepodge of last-minute "issues" that are red herrings designed to distract attention away from Defendant's own, long-standing discovery deficiencies – to which it has no valid defenses. While we are grateful that this tactic has not diverted the Court from effectively addressing outstanding discovery issues in the past, we regret that it is again necessary to respond to Defendant's contentions, all of which completely lack merit. Accordingly, and for the reasons set forth below, we respectfully request that Defendant's belated request for judicial intervention be denied in its entirety.

    A.    **Plaintiff's Legal Bills and Invoices**

Defendant has demanded production of any and all legal bills and invoices incurred by Plaintiff to date, which Defendant intends to "have evaluated by an expert for reasonableness." The sole reason for this demand is Plaintiff's claim for attorneys' fees pursuant to the federal civil rights statutes at issue in this case. Defendant's request is premature and has no support in the law. The requested materials contain billing descriptions that reveal Plaintiff's litigation strategies and tasks undertaken by counsel to

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
November 19, 2009
Page 2

prosecute Plaintiff's case.  These materials are protected by the attorney-client privilege and work product doctrine.  Defendant has no right to discover them at this stage of the proceedings.  To the extent that Plaintiff, after prevailing in this case, elects to waive these protections in support of a post-trial application for attorneys' fees and costs, Defendant will have ample opportunity to review the detailed, contemporaneous time and billing records of Plaintiff's counsel and to challenge, at that time, the reasonableness of Plaintiff's hourly rates and hours expended in this litigation in accordance with the governing "Lodestar" analysis.  Defendant's demand for production of these attorney-client communications and attorney work product materials while this case is pending is premature and lacking any basis in the law.  As such, it should be summarily denied.[1]

### B.   Defendant's "Interrogatory Number 23"

Defendant's letter to the Court falsely claims that "Plaintiff has not provided a response to Interrogatory number 23."  (*See* Def.'s letter at 2).  Defendant fails to inform the Court that Plaintiff: (i) served timely responses and objections to Defendant's Interrogatories on September 16, 2008; (ii) provided Defendant with further supplemental responses to various Interrogatories, including Interrogatory No. 23, by letter dated July 24, 2009 (*see* Exhibit 1); and (iii) proposed by email dated August 5, 2009, that the parties confer further if Defendant remained dissatisfied with Plaintiff's responses to interrogatories to which Defendant's counsel never responded at all (*see* Exhibit 2).  Without engaging in any meet and confer effort, Defendant's letter to the Court yesterday indicates for the first time that Plaintiff's response to Interrogatory No. 23 somehow remains insufficient in Defendant's eyes.  Yet, Defendant's letter fails to set forth the substance of Interrogatory No. 23, or explain the purported insufficiency.  We thus have no way to respond Defendant's improperly presented request for Court intervention and request that it be denied for this reason alone.

### C.   Documents Requested at Plaintiff's Continued Deposition

Plaintiff has produced all responsive documents in his possession custody or control.  To the extent that Plaintiff subsequently identifies any additional, non-privileged, responsive

---

[1] Further demonstrating that this attempted discovery is completely improper at this stage, Defendant's purported intention of designating an expert to review the reasonableness of our attorneys' fees disregards that this Court set a deadline of October 14, 2009 for the designation of experts.  Defendant designated no expert for this purpose.  Now, making it up as they go along, Defendant once again flatly disregards all proper litigation procedures and, more importantly, this Court's so-ordered deadlines to attempt to raise brand new issues that have nothing to do with the actual merits of Plaintiff's discrimination and retaliation claims.

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
November 19, 2009
Page 3

documents in his possession, custody or control, Plaintiff will timely supplement his responses to these requests in accordance with Fed. R. Civ. P. 26(e)(1)(A).

### D. Plaintiff's Complete Federal and State Tax Returns

Plaintiff has already produced all IRS Forms W-2's for the years 2006, 2007 and 2008, which are the only tax-related documents to which Defendant has any entitlement in this case. Defendant's request for discovery of Plaintiff's complete tax returns purportedly to understand Plaintiff's "history of investment returns" is non-sense and provides no justification for overcoming the qualified privilege applicable to a party's complete tax filings. Accordingly, Defendant's last-minute request to compel production of Plaintiff's complete tax returns is unwarranted and should be denied.

### E. Duration of Raimondo's Continued Deposition on November 23, 2009

Finally, Defendant requests that the Court limit the duration of Michael Raimondo's continued deposition to no more than two hours of testimony, notwithstanding the presumptive seven-hour duration of depositions – including expert depositions – provided under Rule 30(d)(1). Raimondo is Defendant's CFO and Controller, and was previously deposed as a fact witness in this case. Following his initial day of deposition testimony, however, Defendant produced additional, significant categories of responsive documents directly within Raimondo's scope of responsibilities that Plaintiff is entitled to question Raimondo about in a continuation of his deposition as a fact witness. Defendant also subsequently designated Raimondo as a purported testifying expert under Rule 26(a)(2), creating an additional basis to take his deposition as a purported expert witness. We anticipate no problem completing the deposition of Raimondo, on both fact and expert subject-matter, in one full-day deposition. Like Defendant's continued deposition of the Plaintiff after discovery of new material warranting additional questioning of him, we have no intention of covering the same subjects and exhibits already covered during Raimondo's first day of testimony. However, Defendant's attempt to impose artificial limits on Plaintiff's right to question Raimondo in connection with his purported expert report and other relevant documents that Defendant only recently produced at the Court's urging, is unwarranted and contrary to Rules 26(b)(4)(A) and 30(d)(1). As such, this request also should therefore be denied in its entirety.

Thank you very much for your consideration.

Respectfully submitted,

*Ari Graff*
Ari Graff

cc: Peter Cipparulo, III, Esq. (*counsel for Defendant* – by ECF)