

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Ariel Y. Graff**
agraff@twglaw.com

December 7, 2009

**BY ECF AND FACSIMILE**

Honorable Michael A. Shipp
United States Magistrate Judge
for the District of New Jersey
50 Walnut Street, Courtroom MLK 2C
Newark, New Jersey 07101

    Re:    *Joseph C. Weber v. Atlantic Zeiser/Orell Fussli*, 08-CV-0977 (DRD)(MAS)

Dear Judge Shipp:

We represent Plaintiff Joseph C. Weber ("Plaintiff" or "Mr. Weber"), and write in brief response to Defendant's letter dated December 4, 2009, which raises a new and equally baseless purported justification for Defendant's request to compel production of Mr. Weber's tax returns for the years 2004 through 2008.[1]  Specifically, Defendant cites the deposition testimony of Walter Klingler, the former CEO of Atlantic Zeiser, as support for the proposition that Defendant "does not accept [the veracity of] Mr. Weber's representations" with respect to the extent of his post-termination income as reflected in the IRS forms W-2 that Mr. Weber has already produced in this litigation.  However, Klingler testified that he has obtained no information concerning Mr. Weber since leaving the company in 2005.  As such, Klingler's testimony has no possible relevance to Mr. Weber's post-termination income, let alone providing a justification for compelling Mr. Weber's tax returns.  Moreover, even if Klingler's testimony cast doubt on Mr. Weber's

---

[1]    Defendant's letter also attempts to evade the untimeliness of its demand for Mr. Weber's complete tax returns for the years 2004 to 2008 – which Defendant made during the last week of discovery, by letter request to Plaintiff dated November 17, 2009 – by referencing the request for Mr. Weber's tax returns for the years 2007 and 2008 in Defendant's initial document requests. However, as Defendant knows, Plaintiff produced responsive forms W-2 in response to Defendant's initial document requests – and the parties agreed that this production was sufficient – until Defendant's sudden, far more expansive and completely unwarranted request for Mr. Weber's complete federal and state tax returns for the years 2004 through 2008 during the final week of discovery.

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Michael A. Shipp
December 7, 2009
Page 2

"credibility" generally – which it does not by any measure[2] – an opposing party's attempt to undermine an adversary's credibility is not a legitimate basis for seeking discovery of the party's tax returns.  Indeed, as the district court recently explained in *Wiggins v. Clementon Police Dep't*, No. 07-5033 (RBK/JS), 2009 U.S. Dist. LEXIS 66955 (D.N.J. July 30, 2009):

> [A party's] credibility is at issue in almost every case.  If the Court accepts [Defendant's] argument, then in almost every case a party's tax information would be discoverable.  This would essentially eviscerate the Third Circuit's policy against unnecessary disclosure of income tax returns and related information and would constitute an unreasonable intrusion into [Plaintiff's] privacy.

*Id.*, at *13 (denying request for production of tax returns, notwithstanding evidence that party resisting disclosure had failed to report income taxes).  Accordingly, and for the reasons set forth in Mr. Weber's initial opposition to Defendant's request dated December 1, 2009, we respectfully request that Defendant's application to compel production of Mr. Weber's tax returns be denied in its entirety.

Respectfully submitted,

*Ariel Graff*

Ariel Y. Graff

cc:     Peter Cipparulo, III, Esq. (*Counsel for Defendant* – by ECF)

---

[2]     Although Defendant's letter dated December 4, 2009 mischaracterizes select excerpts from Klingler's deposition testimony, Plaintiff does not address those mischaracterizations in this letter, because Klingler's testimony – even as described by Defendant – has no bearing on Defendant's purported entitlement to production of Mr. Weber's tax returns.  We would, however, be more than happy to provide a thorough response to Defendant's assertions concerning Klingler's testimony if such an exposition would be of any assistance to the Court's resolution of Defendant's application.