UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------x
JOSEPH C. WEBER,                          :
                                          :
                          Plaintiff,      :      No.: 08 Civ. 0977 (DRD) (MAS)
                                          :
             v.                           :      [Proposed]
                                          :      **JOINT PRETRIAL ORDER**
ATLANTIC ZEISER/ORELL FUSSLI,             :
                                          :
                          Defendant.      :
---------------------------------------------------------------x

     The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.   NATURE OF THE CASE

     **Plaintiff's Statement**.  This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his Jewish ancestry/ethnicity, religion, and his age, and its unlawful retaliation against him after he complained about such unlawful discrimination and harassment, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. ("ADEA"); and the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 *et seq*. ("NJLAD").

     **Defendant's Statement**.  Defendant denies any violation of of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. ("ADEA"); and the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 *et seq*. ("NJLAD").  Defendant asserts that Mr. Weber was never subjected to any discriminatory and retaliatory conduct.  Mr. Weber never advised Atlantic Zeiser of any discriminatory conduct related to religion or age until retaining an attorney.  Mr. Weber refused to accept a change in his job reporting responsibilities in June 2006.  Due to changes in the printing industry and Mr. Weber's failure to perform his job duties, he was discharged in August 2006.

## II.   JURY/NON-JURY

     **Plaintiff's Statement.**  Plaintiff has demanded a trial by jury on all issues of fact and damages to be tried herein, and Plaintiff estimates that he will require 2-3 full trial days to present his case-in-chief, exclusive of cross-examination, any rebuttal, and any need to call

witnesses employed by Defendant to authenticate trial exhibits to which Defendant has not stipulated authenticity.

**Defendant's Statement.**  Defendant estimates that it will require 3-4 full trial days to present its defense.

## III.   STIPULATED FACTS

1.  Mr. Weber began work in 1976 at a predecessor company to Atlantic Zeiser, Inc.

2.  Mr. Weber continuously worked at Atlantic Zeiser, Inc. or one of its predecessor companies from 1976 until he was terminated from Atlantic Zeiser, Inc. on August 24, 2006.

3.  During his employment at Atlantic Zeiser, Mr. Weber was permitted to take time off from work to observe Jewish holidays without loss of pay or sick days.

4.  Walter Klingler was President and CEO of Atlantic Zeiser, Inc. from 1991 through March 2005.

## IV.   PARTIES' CONTENTIONS

### A.   Plaintiff's Contentions

1.  Defendant has discriminated against Mr. Weber in violation of Section 1981 by subjecting him to disparate treatment, harassment and a hostile work environment in the basis of his Race (Jewish ancestry and/or ethnic characteristics).

2.  In addition, Defendant has discriminated against Mr. Weber in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Weber because of his Race (Jewish ancestry and/or ethnic characteristics).

3.  Defendant has violated Section 1981 by subjecting Mr. Weber to retaliation for complaints of, and opposition to, Defendant's discrimination and harassment by, among other acts of retaliation, denying Mr. Weber an agreed upon deferred compensation benefit, and ultimately terminating his employment.

4.  Defendant has discriminated against Mr. Weber in violation of Title VII by subjecting him to disparate treatment, harassment and a hostile work environment on the basis of his Religion and Race (Jewish ancestry and/or ethnic characteristics).

5.     In addition, Defendant has discriminated against Mr. Weber in violation of
Title VII by creating, fostering, accepting, ratifying and/or otherwise failing
to prevent or to remedy a hostile work environment that included, among
other things, severe and pervasive harassment of Mr. Weber because of his
Religion and Race (Jewish ancestry and/or ethnic characteristics).

6.     Defendant has violated Title VII by subjecting Mr. Weber to retaliation for
complaints of, and opposition to, Defendant's discrimination and harassment
by, among other acts of retaliation, denying Mr. Weber an agreed upon
deferred compensation benefit, and ultimately terminating his employment.

7.     Defendant has discriminated against Mr. Weber on the basis of his Age in
violation of the ADEA by subjecting him to disparate treatment, harassment
and a hostile work environment based upon his Age.

8.     In addition, Defendant has discriminated against Mr. Weber in violation of
the ADEA by creating, fostering, accepting, ratifying and/or otherwise failing
to prevent or to remedy a hostile work environment that included, among
other things, severe and pervasive harassment of Mr. Weber because of his
Age.

9.     Defendant has violated the ADEA by subjecting Mr. Weber to retaliation for
his complaints of, and opposition to, Defendant's discrimination and
harassment by, among other acts of retaliation, denying Mr. Weber an agreed
upon deferred compensation benefit, and ultimately terminating his
employment.

10.     Defendant has discriminated against Mr. Weber in violation of the New
Jersey Law Against Discrimination by subjecting him to disparate treatment,
harassment and a hostile work environment on the basis of his Age, Race
(Jewish ancestry and/or ethnic characteristics) and Religion.

11.     In addition, Defendant has discriminated against Mr. Weber in violation of
the New Jersey Law Against Discrimination by creating, fostering, accepting,
ratifying and/or otherwise failing to prevent or to remedy a hostile work
environment that included, among other things, severe and pervasive
harassment of Mr. Weber because of his Age, Race (Jewish ancestry and/or
ethnic characteristics) and Religion.

12.     Defendant has violated the New Jersey Law Against Discrimination by
subjecting Mr. Weber to retaliation for his complaints of, and opposition to,
Defendant's discrimination and harassment by, among other acts of
retaliation, denying Mr. Weber an agreed upon deferred compensation
benefit, and ultimately terminating his employment.

13.     As a direct and proximate result of Defendant's unlawful discriminatory and
retaliatory conduct in violation of Section 1981, Title VII, the ADEA and/or

the New Jersey Law Against Discrimination, Mr. Weber has suffered, and continues to, suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

14.     As a further direct and proximate result of Defendant's unlawful discriminatory and retaliatory conduct in violation of Section 1981, Title VII, the ADEA and/or the New Jersey Law Against Discrimination, Mr. Weber has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

15.     Defendant's unlawful discriminatory and retaliatory conduct in violation of Section 1981, Title VII, the ADEA and/or the New Jersey Law Against Discrimination was willful, wanton, outrageous and malicious, was intended to injure Mr. Weber, and was done with reckless indifference to Mr. Weber's civil rights.

**B.     <u>Defendant's Contentions</u>**

1.  Defendant  denies that it has discriminated against Mr. Weber in violation of Section 1981 by subjecting him to disparate treatment, harassment and a hostile work environment in the basis of his Race (Jewish ancestry and/or ethnic characteristics).  It contends that it complied with the law at all times.

2.  Defendant denies that if has discriminated against Mr. Weber in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Weber because of his Race (Jewish ancestry and/or ethnic characteristics).  It contends that it complied with the law at all times.

3.  Defendant denies that it has violated Section 1981 by subjecting Mr. Weber to retaliation for complaints of, and opposition to, Defendant's discrimination and harassment by, among other acts of retaliation, denying Mr. Weber an agreed upon deferred compensation benefit, and ultimately terminating his employment.  It contends that it complied with the law at all times.

4.  Defendant denies that it has discriminated against Mr. Weber in violation of Title VII by subjecting him to disparate treatment, harassment and a hostile work environment on the basis of his Religion and Race (Jewish ancestry and/or ethnic characteristics).  It contends it complied with the law at all times.

5.  Defendant denies it has discriminated against Mr. Weber in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Weber because of his Religion and Race (Jewish

ancestry and/or ethnic characteristics).  It contends that it complied with the law at all times.

6.  Defendant denies it has violated Title VII by subjecting Mr. Weber to retaliation for complaints of, and opposition to, Defendant's discrimination and harassment by, among other acts of retaliation, denying Mr. Weber an agreed upon deferred compensation benefit, and ultimately terminating his employment.  It contends it complied with the law at all times.

7.  Defendant denies it has discriminated against Mr. Weber on the basis of his Age in violation of the ADEA by subjecting him to disparate treatment, harassment and a hostile work environment based upon his Age.  It contends it complied with the law at all times.

8.  Defendant denies it has discriminated against Mr. Weber in violation of the ADEA by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Weber because of his Age.  It contends it complied with the law at all times.

9.  Defendant denies it has violated the ADEA by subjecting Mr. Weber to retaliation for his complaints of, and opposition to, Defendant's discrimination and harassment by, among other acts of retaliation, denying Mr. Weber an agreed upon deferred compensation benefit, and ultimately terminating his employment.  It contends it complied with the law at all times.

10.  Defendant denies that it has discriminated against Mr. Weber in violation of the New Jersey Law Against Discrimination by subjecting him to disparate treatment, harassment and a hostile work environment on the basis of his Age, Race (Jewish ancestry and/or ethnic characteristics) and Religion.

11. Defendant denies it has discriminated against Mr. Weber in violation of the New Jersey Law Against Discrimination by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Weber because of his Age, Race (Jewish ancestry and/or ethnic characteristics) and Religion.  It contends that it complied with the law at all times.

12. Defendant denies it has violated the New Jersey Law Against Discrimination by subjecting Mr. Weber to retaliation for his complaints of, and opposition to, Defendant's discrimination and harassment by, among other acts of retaliation, denying Mr. Weber an agreed upon deferred compensation benefit, and ultimately terminating his employment.  It contends that it complied with the law at all times.

13. Defendant denies as a direct and proximate result of Defendant's unlawful discriminatory and retaliatory conduct in violation of the Section 1981, Title VII,

the ADEA and/or the New Jersey Law Against Discrimination, Mr. Weber has suffered, and continues to, suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits. Defendant denies any unlawful discriminatory and retaliatory conduct. It contends it complied with the law at all times.

14. Defendant denies as a direct and proximate result of Defendant's unlawful discriminatory and retaliatory conduct in violation of Section 1981, Title VII, the ADEA and or the New Jersey Law Against Discrimination, Mr. Weber has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering. Defendant denies any unlawful discriminatory and retaliatory conduct. It contends it complied with the law at all times.

15. Defendant's denies any unlawful discriminatory and retaliatory conduct in violation of Section 1981, Title VII, the ADEA, and the New Jersey Law Against Discrimination was willful, wanton, outrageous and malicious, was intended to injure Mr. Weber, and was done with reckless indifference to Mr. Weber's civil rights. Defendant further denies any discriminatory and retaliatory conduct. It contends that it complied with the law at all times.

16. Defendant contends that Joseph Weber was advised that the Deferred Compensation Agreement was no longer in effect and Mr. Weber was aware on the date of his termination that the Deferred Compensation Agreement did not apply to him.

17. Mr. Weber was discharged from his employment due to economic changes in the printing industry resulting in a decreased demand for impact products. Mr. Weber was further discharged due to his failure to embrace his new job duties upon his reassignment in June, 2006.

18. Defendant denies that the plaintiff Joseph Weber was ever promoted to Vice President, Customer Service at Atlantic Zeiser, Inc.

## V.   ISSUES TO BE TRIED

### A.   Plaintiff's Statement of Issues to be Tried

The following issues, as set forth in the Amended Complaint, are to be tried:

Count 1:   Whether Defendant unlawfully discriminated against and/or subjected Mr. Weber to a hostile work environment in violation of Section 1981.

Count 2:   Whether Defendant unlawfully retaliated against Mr. Weber in violation of Section 1981.

Count 3:     Whether Defendant unlawfully discriminated against and/or subjected Mr. Weber to a hostile work environment in violation of Title VII.

Count 4:     Whether Defendant unlawfully retaliated against Mr. Weber in violation of Title VII.

Count 5:     Whether Defendant unlawfully discriminated against and/or subjected Mr. Weber to a hostile work environment in violation of the ADEA.

Count 6:     Whether Defendant unlawfully retaliated against Mr. Weber in violation of the ADEA.

Count 7:     Whether Defendant unlawfully discriminated against and/or subjected Mr. Weber to a hostile work environment in violation of the New Jersey Law Against Discrimination.

Count 8:     Whether Defendant unlawfully retaliated against Mr. Weber in violation of the New Jersey Law Against Discrimination.

**B.     Defendant's Statement of Issues to be Tried**

Defendant preserves the right to try any of its affirmative defense pled pending plaintiff's proofs at time of trial.

## VI.   PLAINTIFF'S EXHIBITS

| No: | Description: | Date: | Bates No: | Deposition Ex. No: |
|---|---|---|---|---|
| PX_1 | Deferred compensation agreement for Joseph Weber. | 01/25/89 | JW_21 | |
| PX_2 | Memorandum from J. Weber to H. Citron, L. Haber, J. Partington, J. Schick, L. Shikman, C. Stoerk and M. Wenger re: Alpha Procedures and Responsibilities. | 04/14/97 | JW_58 & JW_60 | Schick_3 Stoerk_10 |
| PX_3 | [Exhibit Withdrawn] | | | |
| PX_4 | Letter of complaint from L. Haber to W. Klingler regarding anti-semitic comments by B. Masser; and Letter from B. Maser to L. Haber responding to same. | 10/31/98 02/07/08 | | Raimondo_33 |
| PX_5 | Unanimous consent of board of directors of AZ, Inc. re: Appointment of K. Oesch to replace W. Klingler as President of AZ, Inc. | 03/31/05 | | Raimondo_28 |

| No: | Description: | Date: | Bates No: | Deposition Ex. No: |
|---|---|---|---|---|
| PX_6 | K. Oesch memorandum in response to Management-Shareholder's request for repurchase of shares. | 05/7/05 | PR_30-PR_31 | Raimondo_35 |
| PX_7 | Email from J. Weber to T. Coco re: customer complaint about R. Vandervliet. | 05/18/06 | | Vandervliet_9 |
| PX_8 | Email from T. Coco to G. Schillinger re: Reorganization of customer service position held by J. Weber. | 06/13/06 | AZ_5 | Severson_4 Severson_11 Stoerk_6 Coco_7 |
| PX_9 | Email from K. Severson requesting lists of "individual responsibilities" from employees in connection with reorganization. | 07/10/06 | | Schick_4 Vandervliet_5 Severson_1 |
| PX_10 | Minutes of Special Board of Directors Meeting of AZ Inc. re: Appointment of O. Mehler to replace K. Oesch as President of AZ, Inc. | 07/18/06 | | Raimondo_29 Coco_12 Severson_8 Stoerk_7 |
| PX_11 | K. Oesch minutes of AZ, Inc. management meeting regarding, among other things, "unjust accusations and ridiculous claims" of "age and religion discrimination" alleged by J. Weber. | 07/18/06 | AZ_7-AZ_11 | Severson_8 Stoerk_7 Raimondo_10 |
| PX_12 | Email chain between T. Coco and M. Le Roux re: J. Weber discrimination claims. | 07/21/06 | AZ_16 | Raimondo_26 |
| PX_13 | Email chain between M. Le Roux and T. Coco re: J. Weber discrimination claims. | 07/28/06 | AZ_20 | Coco_11 |
| PX_14 | J. Weber executed EEOC charge of discrimination and retaliation based on Religion and Age. | 09/01/06 | JW_24-JW_27 | Stoerk_1 Coco_14 |
| PX_15 | Consolidated Financial Package of Orell Fussli Group (corporate parent of AZ, Inc.). | 12/31/06 | AZ_6271-AZ_6295 | Raimondo_30 |
| PX_16 | EEOC determination finding probable cause re: J. Weber retaliation claims. | 07/28/07 | | |
| PX_17 | Consolidated Financial Package of Orell Fussli Group (corporate parent of AZ, Inc.). | 12/31/07 | AZ_6296-AZ_6321 | Raimondo_31 |
| PX_18 | [Exhibit Withdrawn] | | | |
| PX_19 | Atlantic Zeiser organization chart. | | AZ_223 | Schick_6 Severson_10 Stoerk_9 Raimondo_13 |

| No: | Description: | Date: | Bates No: | Deposition Ex. No: |
|---|---|---|---|---|
| PX_20 | Atlantic Zeiser – Kyle Severson personal agenda. | | AZ_218 | Severson_2 |
| PX_21 | Atlantic Zeiser organization chart. | | JW_84 | Severson_3 Vandervliet_2 Raimondo_24 |
| PX_22 | [Exhibit Withdrawn] | | | |
| PX_23 | J. Weber's tasks at Atlantic Zeiser. | | AZ_12 | Severson_5 Vandervliet_3 Raimondo_5 Coco_6 |
| PX_24 | List of Atlantic Zeiser employees from January 1, 2006 to present. | | AZ_1-AZ_3 | Severson_9 Stoerk_12 Raimondo_11 Coco_10 |
| PX_25 | Employment contract between C. Stoerk and Atlantic Zeiser. | | | Stoerk_3 |
| PX_26 | Personnel policies and procedures: reduction in force policy. | | AZ_96-AZ_99 | Stoerk_5 Raimondo_2 Coco_2 |
| PX_27 | Personnel policies and procedures: work rules and discipline. | | AZ_122-AZ_127 | Raimondo_3 Coco_4 |
| PX_28 | Personnel policies and procedures: paid holiday schedule. | | AZ_115-AZ_116 | Raimondo_4 Coco_5 |
| PX_29 | List of employee names, hire and termination dates. | | AZ_219 | Raimondo_12 |
| PX_30 | Proposed separation agreement and general release for J. Weber. | | AZ_59-AZ_65 | Raimondo_16 |
| PX_31 | CTST convention documents. | | JW_77-JW_82 | Raimondo_21 |
| PX_32 | J. Weber salary roster, 2001-2005. | | | Raimondo_27 |
| PX_33 | T. Coco handwritten, undated notes re: reorganization. | | AZ_66-AZ_67 | Coco_8 |
| PX_34 | Atlantic Zeiser position statement to EEOC in response to J. Weber discrimination charge. | | AZ_134-AZ_139 | Coco_13 |
| PX_35 | J. Weber business card identifying position title "V.P./Director Customer Service." | | JW_76 | Schick_5 |
| PX_36 | J. Weber birth certificate. | | JW_58 | |

Plaintiff reserves the right to offer into evidence any and all exhibits listed by Defendant, and any demonstrative exhibits or compilations of data or documents, and to introduce exhibits not listed above for impeachment and/or rebuttal.

Plaintiff denies that Defendant is entitled to offer into evidence exhibits not identified in Defendant's exhibit list below "depending upon the testimony of plaintiff and plaintiff's witnesses at time of trial," as asserted in the statement set forth by Defendant immediately below its exhibit list.

## VII.   DEFENDANT'S EXHIBITS

| Exhibit No: | Description: | Date: | Bates No: |
|---|---|---|---|
| DX 1 | Email ofrom Tom Coco to George Schilling | June 13, 2006 | AZ 5 |
| DX 2 | Employment at Will Statement | | AZ 6 |
| DX 3 | Joseph Weber Salary History | | AZ 13 |
| DX 4 | Personnel File of Joseph Weber | | AZ22-AZ-58 |
| DX 5 | Reorganization Notes of Tom Coco | | AZ66-67 |
| DX 6 | Corporate Workplace Harassment Policy | | AZ68-70 |
| DX7 | Personnel Policies and Procedures | | AZ71-127 |
| DX8 | Segment Report | | AZ128 |
| DX9 | Email from Tom Coco to Klaus Oesch | May 20, 2005 | AZ 129 |
| DX10 | Minutes of Discussions of May 2nd to May 6th | May 2-May 6 | AZ130-131 |
| DX11 | Thomas Coco letter | July 20, 2005 | AZ132-33 |
| DX12 | Email from Mike Raimondo | February 28, 2006 | AZ220 |
| DX13 | Email from Mike Raimondo | March 2, 2006 | AZ221 |
| DX14 | Email from Mike Raimondo dated May, 18,2006 | May, 18,2006 | AZ222 |
| DX14 | Closing of the Purchase By EMESCO Acquisition Corp dated May 8, 1991 | May 8, 1991 | AZ199-215, Raimondo 14 |
| DX15 | Organization Chart  with Kyle Severson as Director of Customer Services | | AZ 223 |
| DX16 | Draft Letter from Proskauer Rose | May 24, 2005 | JW00, Defendant Exhibit 7 |
| DX17 | Email from Tom Coco. | June 2, 2005 | JW 006, Defendant's Exhibit 8 |

| Exhibit No: | Description: | Date: | Bates No: |
|---|---|---|---|
| DX18 | EEOC Intake Questionnaire | December 8, 2006 | JW 034-JW045, Defendant's Exhibit 12 |
| DX19 | Deferred Compensation Agreement | January 25, 1989 | JW 021 Defendant's Exhibit 4 |
| DX20 | Unanimous written consent of board of directors of Atlantic Zeiser | March 31, 2005 | Raimondo 28, AZ 6228 |
| DX21 | Plaintiff's Responses to Defendants' First Set of Interrogatories | July 25, 2008 | Defendant's Exhibit 3 |
| DX22 | Complete Subpoened file from National Life Insurance Company | | Including but not limited to Defendant's Exhibit 22,24,2526, 27 and 29 |
| DX23 | Raimondo handwritten calendar | June –August 2006 | Raimondo 9 |
| DX24 | Raimondo email | June 12, 2006 | Raimondo 15 |
| DX 25 | Atlantic Zeiser Organization Chart | | JW084 Raimondo 24 |
| DX26 | Joseph Weber's resume | | JW100-101 |
| DX 27 | Severson job description | | AZ 218, Severson 2 |
| DX28 | Plaintiff's letter amendment to Interrogatory No. 23 | December 3, 2009 | |
| Dx29 | Severson email | July 10, 2006 | Severson 11 |
| DX 30 | Atlantic Zeiser product line | | Severson 14 |
| DX31 | Email from Tom Coco | March 7, 2005 | Vandervliet 7 |
| DX32 | Plaintiff's Amended Complaint | February 28, 2008 | Defendant's Exhibit 2 |
| DX33 | Expert Report | | Raimondo 34 |
| DX34 | Joseph Weber 2004 Federal Tax Return | | JW104-122 |
| DX35 | Joseph Weber 2004 State Tax Return | | JW123-130 |
| DX36 | Joseph Weber 2005 Federal Tax Return | | JW131-147 |

| Exhibit No: | Description: | Date: | Bates No: |
|---|---|---|---|
| DX37 | Joseph Weber 2005 State Tax Return | | JW148-156 |
| DX38 | Joseph Weber 2006 Federal Tax Return | | JW157-171 |
| DX39 | Joseph Weber 2006 State Tax Return | | JW172-182 |
| DX40 | Joseph Weber 2007 Federal Tax Return | | JW183-197 |
| DX41 | Joseph Weber 2007 State Tax Return | | JW198-207 |
| DX42 | Joseph Weber 2008 Federal Tax Return | | JW208-223 |
| DX43 | Joseph Weber 2008 State Tax Return | | JW224-233 |
| DX44 | Email from Joseph Weber | December 21, 2004 | AZ352 |
| DX45 | Email from Joseph Weber | May 17, 2006 | AZ489 |
| DX46 | Email from Joseph Weber | August 15, 2006 | AZ2695-2696 |
| DX47 | Email exchange from Roy Arnold | Commencing July 4, 2006 | AZ2509 |
| DX48 | Email exchange between Joseph Weber and Mary Santos | June 29, 2006 | AZ2512 |
| DX49 | Email from Joseph Weber (exchange) | June 15, 2006 | AZ2561 |
| DX50 | Email from Tom Coco | June 15,2006 | AZ568 |
| DX51 | Email exchange | Starting May 15, 2006 | AZ584-586 |
| DX52 | Email | August 7, 2006 | AZ607 |
| DX53 | Email from Joseph Weber | August 11,2006 | AZ710 |
| DX54 | Email from Joseph Weber | May 15, 2006 | AZ953 |
| DX55 | Email from Joseph Weber | May 10, 2006 | AZ1012 |
| DX56 | Email from Joseph Weber | May 10, 2005 | AZ1072 |
| DX57 | Email from Joseph Weber | May 12, 2005 | AZ1157-1158 |
| DX58 | Email from Joseph Weber | February 2, 2005 | AZ1240 |
| DX59 | Email from Joseph Weber | August 1, 2006 | AZ1472 |
| DX60 | Email from Joseph Weber | April 27, 2006 | AZ1542 |
| DX61 | Email from Joseph Weber | March 20, 2006 | AZ1780 |
| DX62 | Email from Joseph Weber | February 8, 2006 | AZ1869 |
| DX63 | Email from Joseph Weber | February 15, 2006 | AZ 2301 |
| DX64 | Email from Joseph Weber | April 5,2006 | AZ2995-6 |

| Exhibit No: | Description: | Date: | Bates No: |
|---|---|---|---|
| DX65 | Email from Joseph Weber | March 27, 2006 | AZ3505-6 |
| DX66 | Email from Joseph Weber | January 2, 2006 | AZ3667 |
| DX67 | Email from Tom Coco | March 7, 2005 | AZ4273-4 |
| DX68 | Email from Joseph Weber | April 7, 2006 | AZ5525 |
| DX69 | Email from Joseph Weber | February 10, 2006 | AZ5859-60 |
| DX70 | Email from Joseph Weber | December 21,2005 | AZ3675 |
| DX71 | Email from Joseph Weber | June 27, 2006 | JW 067. Defendant's Exhibit 16 |
| DX 72 | Memo regarding Corporate Workplace Harassment Policy | September 29, 1997 | AZ68-70 |

Defendant reserves the right to offer into evidence any and all exhibits listed by Plaintiff, and any demonstrative exhibits or compilations of data or documents, and to introduce exhibits not listed above for impeachment and/or rebuttal.  Defendant further reserves the right to offer into evidence documents not specifically identified at this time depending upon the testimony of plaintiff and plaintiff's witnesses at time of trial.

## VIII.   <u>STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS</u>

### A.   Plaintiff's Objections to Particular Exhibits:

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX 1 | Hearsay (FRE 801, 802) |
| DX_2 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_3 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_4 | Relevance (FRE 401/402); Undue Prejudice Outweighs Probative Value (FRE 403) |
| DX_5 | Hearsay (FRE 801, 802) |
| DX_6 | Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_8 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX_9 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403) |
| DX_11 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_12 | Relevance (FRE 401/402); Undue Prejudice Outweighs Probative Value (FRE 403); Hearsay (FRE 801, 802) |
| DX_13 | Relevance (FRE 401/402); Undue Prejudice Outweighs Probative Value (FRE 403); Hearsay (FRE 801, 802) |
| DX_14 | Relevance (FRE 401/402); Undue Prejudice Outweighs Probative Value (FRE 403); Hearsay (FRE 801, 802) |
| DX_14[A] | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_16 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_17 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403) |
| DX_18 | Settlement Communication (FRE 408) |
| DX_21 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_22 | Relevance (FRE 401/402); Undue Prejudice Outweighs Probative Value (FRE 403); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_23 | Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_24 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_26 | Relevance (FRE 401/402) |
| DX_28 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_30 | Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Relevance (FRE 401/402); Authentication (FRE 901) |
| DX_31 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_32 | Hearsay (FRE 801, 802) |
| DX_33 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Inadmissible Opinion (FRE 701); Not Qualified Expert (FRE 702) |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX_34 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_35 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_36 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_37 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_38 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_39 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_40 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_41 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_42 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_43 | Confidential Document: Produced for *Attorneys' Eyes Only* pursuant to Judge Shipp's oral Order during telephonic conference on January 13, 2010; Relevance (FRE 401/402); Hearsay (FRE 801, 802) |
| DX_44 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403) |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX_45 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_46 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_47 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_48 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_49 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_50 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_51 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_52 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_53 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_54 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_55 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_56 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_57 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_58 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX_59 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_60 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_61 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_62 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_63 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_64 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_65 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_66 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_67 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_68 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_69 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_70 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_71 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Undue Prejudice Outweighs Probative Value (FRE 403); Authentication (FRE 901) |
| DX_72 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |

**B.       Defendant's Objections to Particular Exhibits:**

| Plaintiff Exhibit No: | Defendant's Objection(s) |
|---|---|
| PX 1 | Hearsay; Authenticity |
| PX_2 | Relevancy; email occurred nine prior to Mr. Weber's discharge. Too remote to offer any probative value. |
| PX_4 | Subject to Confidentiality Order; Relevancy; document is too prejudicial  and outweighs any probative value; Hearsay; Authenticity |
| PX 5 | Subject to Confidentiality Order; Relevancy; Hearsay |
| PX 6 | Relevancy |
| PX 8 | Subject to Confidentiality Order |
| PX 10 | Subject to Confidentiality Order; Relevancy; Hearsay |
| PX 11 | Subject to Confidentiality Order; Prejudicial effect outweighs probative value; Made in context of settlement negotiations; Hearsay |
| PX 12 | Email sent in context of settlement negotiations; Hearsay |
| PX 13 | Email sent in context of settlement negotiations; Hearsay |
| PX 14 | Relevancy-duplicative of testimony to be offered at trial; authenticity; Hearsay |
| PX 15 | Subject to Confidentiality Order; Relevancy-company's financial statements not relevant to issues related to Weber's termination; |
| PX 16 | Relevancy; Hearsay; Authenticity. |
| PX 17 | Subject to Confidentiality Order; Relevancy-company's financial statements not relevant to issues related to Weber's termination |
| PX 20 | Hearsay |
| PX 23 | Authenticity; duplicative of testimony to be offered at trial; relevancy |
| PX 24 | Subject to Confidentiality Order; Relevancy |
| PX 25 | Relevancy; authenticity; Hearsay |
| PX 26 | Subject to Confidentiality Order; Relevancy |
| PX 27 | Subject to Confidentiality Order; Relevancy |
| PX 28 | Subject to Confidentiality Order; Relevancy |
| PX 29 | Subject to Confidentiality Order; Relevancy |
| PX 30 | Document submitted in context of a settlement negotiation; prejudicial effect outweighs probative value |
| PX 32 | Objection, if testimony or reference is sought with respect to any employee other Joseph Weber |
| PX 33 | Subject to confidentiality order |
| PX 34 | Relevancy-duplicative of testimony to be offered at trial; authenticity |

| Plaintiff Exhibit No: | Defendant's Objection(s) |
|---|---|
| PX 1 | Hearsay; Authenticity |
| Px35 | Relevancy; authenticity; hearsay |
| PX 36 | Relevancy-defendant has agreed to stipulate to birthdate; authenticity |

## IX.   PLAINTIFF'S WITNESS LIST

1.   Joseph C. Weber:

Mr. Weber is anticipated to testify concerning: (a) his employment background, performance and experience in the industry as well as with Defendant; (b) relevant events that occurred at Defendant; (c) the discrimination, harassment and retaliation he was subjected to during his employment at Defendant; (d) the complaints he made concerning discrimination and harassment at Defendant; (e) Defendant's retaliation in response to those complaints; (f) his religious background and observance; (g) the claims and allegations in the Complaint, including the damages he has suffered; and (h) the effect of Defendants' discriminatory actions upon him and damages he has suffered.

2.   Thomas Coco:

Mr. Coco is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) Defendant's corporate structure, financial condition and business, personnel and employment decisions and practices; (c) relevant events that occurred at Defendant; (d) the discrimination, harassment and retaliation Mr. Weber was subjected to during his employment at Defendant; (e) the complaints Mr. Weber made concerning discrimination, harassment and retaliation at Defendant; and (f) Defendant's retaliatory termination of Mr. Weber's employment.

3.   Michael Raimondo:

Mr. Raimondo is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) Defendant's corporate structure, financial condition and business, personnel and employment decisions and practices; (c) relevant events that occurred at Defendant; (d) the discrimination, harassment and retaliation Mr. Weber was subjected to during his employment at Defendant; (e) the complaints Mr. Weber made

concerning discrimination, harassment and retaliation at Defendant; and (f) Defendant's retaliatory termination of Mr. Weber's employment.

4.   Cornelia Stoerk:

Ms. Stoerk is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) relevant events that occurred at Defendant; and (c) the discrimination, harassment and retaliation Mr. Weber was subjected to during his employment at Defendant.

5.   Kyle Severson:

Mr. Severson is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) relevant events that occurred at Defendant; and (c) the discrimination, harassment and retaliation Mr. Weber was subjected to during his employment at Defendant.

6.   Rick Vandervliet:

Mr. Vandervliet is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) relevant events that occurred at Defendant; and (c) the discrimination, harassment and retaliation Mr. Weber was subjected to during his employment at Defendant.

7.   John Shick:

Mr. Shick is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) relevant events that occurred at Defendant; and (c) the discrimination, harassment and retaliation Mr. Weber was subjected to during his employment at Defendant.

Plaintiff does not anticipate the introduction of deposition testimony, except in the event of unavailability of any witness and/or for impeachment purposes.  Plaintiff reserves the right to designate deposition testimony in response to any designation by Defendant.

Plaintiff reserves the right to call as a witness at trial any rebuttal witnesses and any witnesses on Defendant's witness list.

## X.   DEFENDANT'S WITNESS LIST

1.   Thomas Coco-Mr. Coco is expected to offer testimony with respect to Mr. Weber's employment history and work performance with Atlantic Zeiser, the

reasons for the reorganization at Atlantic Zeiser in June 2006, and Mr. Weber's reaction to the reorganization.  Mr. Coco will also offer testimony as to the circumstances of Mr. Weber's termination from Atlantic Zeiser.   Additionally, he will testify that he was unaware of any Deferred Compensation Agreement that Mr. Weber asserts entitlement through Atlantic Zeiser.  Mr.  Coco will further offer testimony as to Mr. Weber's failure to ever alert anyone at Atlantic Zeiser with respect to any complaints about any comments or actions of Connie Stoerk. Mr. Coco will offer testimony as to the changes in the printing industry from impact to non-impact systems during his tenure at Atlantic Zeiser.

2.  Michael Raimondo- Mr. Raimondo is expected to offer testimony with respect to Mr. Weber's employment history and work performance with Atlantic Zeiser, the reasons for the reorganization at Atlantic Zeiser in June 2006, and Mr. Weber's reaction to the reorganization.  Mr. Raimondo will also offer testimony as to the circumstances of Mr. Weber's termination from Atlantic Zeiser.  Additionally, he will testify that he was unaware of any Deferred Compensation Agreement that Mr. Weber asserts entitlement through Atlantic Zeiser.  Mr.  Raimondo will further offer testimony as to Mr. Weber's failure to ever alert anyone at Atlantic Zeiser with respect to any complaints about any comments or actions of Connie Stoerk.  Mr. Raimondo will offer testimony as to the changes in the printing industry from impact to non-impact systems during his tenure at Atlantic Zeiser.

3.  Walter Klingler- Mr. Klingler is expected to offer testimony with respect to Mr. Weber's employment history and work performance at Atlantic Zeiser.  Mr. Klingler is also expected to offer testimony that he never promoted Joseph Weber to Vice President of Customer Service and advised Mr. Weber that the Deferred Compensation Agreement no longer applied to Mr. Weber.  Mr. Klingler will offer testimony as to the changes in the printing industry from impact to non-impact systems during his tenure at Atlantic Zeiser.

4.  Connie Stoerk-will offer testimony as to her friendship and work history with Mr. Weber.  She will deny making any anti-Jewish and/or anti-age comments to Mr. Weber.

5.  Kyle Severson- Mr. Severson may be called on as witness and is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) relevant events that occurred at Defendant; and (c) his reaction to the rorganization occurring at Atlantic Zeiser in June, 2006.

6.  Rick Vandervliet- Mr. Vandervliet may be called on as witness and is anticipated to testify concerning: (a) Mr. Weber's employment background, performance and experience with Defendant; (b) relevant events that occurred at Defendant; and (c) his reaction to the rorganization occurring at Atlantic Zeiser in June, 2006.

7. Custodian of Records of National Life Insurance Company - to be called as witness to verify the authenticity of subpoened file pertaining to Joseph Weber's life insurance file with National Life Insurance Company.  Witness to be called if plaintiff does not stipulate to authenticity of documents.

For each of the above named witnesses, defendant reserves to right to offer testimony beyond what is summarized.  The above is a summary and is not meant as an exhaustive summary of areas of inquiry.  Additionally, testimony offered by the plaintiff and plaintiff's witnesses at time of trial may mandate additional areas of inquiry besides that outlined above.

Defendant does not anticipate the introduction of deposition testimony, except in the event of unavailability of any witness and/or for impeachment purposes.  Defendant reserves the right to designate deposition testimony in response to any designation by Plaintiff

Defendant reserves the right to call as a witness at trial any rebuttal witnesses and any witnesses on Plaintiff's witness list.

## XI.   EXPERT WITNESSES

A1.   Plaintiff will not employ an expert witness in connection with this trial.

B.   Defendant reserves the right to call Michael Raimondo as an expert witness as to changes in the printing industry with respect to impact and non-impact business.

A2.   Plaintiff objects pursuant to FRE 702 to Defendant's designation of Michael Raimondo as a purported expert witness.  Both Plaintiff and Defendant have designated Mr. Raimondo as a (non-expert) fact witness in this pretrial order (*see supra* Parts IX(3) and X(2)).  Moreover, Mr. Raimondo does not possess "scientific, technical or other specialized knowledge" that would assist the jury "to understand the evidence or to determine a fact at issue," and is not otherwise qualified to appear as an "expert" witness in this case (*see* FRE 702).

## XII.   RELIEF SOUGHT

1. A declaratory judgment and injunctive order: (i) declaring that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of New Jersey; (ii) permanently restraining Defendant from engaging in such unlawful conduct; and (iii) directing Defendant to place Mr. Weber in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment and otherwise unlawful conduct, including for reinstatement and/or front pay;

2. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Mr. Weber for all monetary and/or

economic harm, including, but not limited to, back pay, front pay, deferred compensation, and damages for all lost benefits;

3.   An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Mr. Weber for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering in an amount to be determined at trial.

4.   An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Mr. Weber for harm to his professional and personal reputations and loss of career fulfillment;

5.   An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Weber in an amount to be determined at trial, plus pre-judgment interest;

6.   An award of punitive damages, in an amount to be determined at trial;

7.   An award of costs, including all expenses that Mr. Weber has incurred in this action;

8.   Attorneys' fees and expenses to the fullest extent permitted by law;

9.   Appropriate post-judgment interest on all damages awarded; and

10.  Such other and further relief as the Court may deem just and proper.


Dated: February ___, 2010

_____
U.S.D.J


_____            _____
Scott B. Gilly                              James S. Murphy
Kenneth P. Thompson                         Peter Cipparulo, III
Ariel Y. Graff                              GARRITY, GRAHAM, MURPHY,
Gregg H. Salka                              GAROFALO & FLINN, P.C.
THOMPSON WIGDOR & GILLY LLP                 One Lackawanna Plaza
85 Fifth Avenue                             Montclair, New Jersey 07042
New York, New York 10003                    Tel: 973-509-7500
Tel: 212-257-6800                           Fax: 973-509-0414
Fax: 212-257-6845

                                            *COUNSEL FOR DEFENDANT*

*COUNSEL FOR PLAINTIFF*