UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH C. WEBER,<br><br>        Plaintiff,<br><br>v.<br><br>ATLANTIC ZEISER, INC.,<br><br>        Defendant. | Civ. No. 08-977(DRD)<br><br>**O R D E R**<br>**RE IN LIMINE MOTIONS** |

Defendant, Atlantic Zeiser, Inc., and Plaintiff, Joseph C. Weber, having filed in limine motions, and the Court having heard argument on the motions on March 24, 2010 and having decided all but two of the motions at the hearing and having set forth its reasons for its decision on the record;

IT is this 26th day of March, 2010 **ORDERED as follows:**

1. Defendant's motion to bar references that Plaintiff was born in a concentration camp is resolved as follows:

    a. Plaintiff may testify that he was born in a displaced persons camp in Bergen-Belsen, Germany, on October 1, 1946.

    b. Plaintiff may not testify about the Holocaust generally or about his parents' experiences or confinement in the Bergen-Belsen concentration camp or otherwise as victims of the Holocaust.

2. Defendant's motion to bar any reference to the term "Little Doggy" as an anti-semitic reference is resolved as follows:

    a. Plaintiff may testify that Connie Stoerk referred to him as "Little Doggy."

    b. Plaintiff may testify that in his mind he associated this term "Little Doggy"

with the German word "Schweinhund," which means "pig dog," an insulting term.

c. Plaintiff may not testify that Schweinhund was a term that the Nazis called the Jews in the concentration camps during World War II.

3. Defendant's motion to bar reference to the EEOC Determination Letter dated June 26, 2007 is granted.

4. Defendant's motion to bar reference to settlement discussions pursuant to Evid. Rule 408 is resolved as follows:

a. The July 21, 2006 exchange of emails between Michelle le Roux and Tom Coco (Exhibit A to moving papers) were made in compromise negotiations regarding the claim and are barred by Evid. R. 408.

b. The July 28, 2006, letter from Michelle le Roux to Tom Coco (Exhibit B) was written during the course of compromise negotiations regarding the claim, responded to an offer of settlement and set forth counter demands and consequently is barred by Evid. R. 408.

c. The July 28, 2006 exchange of emails between Michelle le Roux and Tom Coco (Exhibit C) took place after negotiations had broken down and are not barred by Evid. R. 408, except that i) there will be redacted from the email from Michel le Roux to Tom Coco the first sentence and the second sentence through the words "appears unlikely from your response," and ii) there will be redacted from the email from Tom Coco to Michelle le Roux the first two sentences and the last sentence.

d. The Separation Agreement and General Release (Exhibit D) is barred by Evid. R. 408.

5. Defendant's motion to bar Plaintiff from arguing at trial that he is entitled to deferred compensation under the January 25, 1989 Agreement between Plaintiff and Atlantic Control Systems, Inc. is denied.

6. Plaintiff's motion to preclude the expert report and testimony of Michael Raimondo at trial is granted to the extent that the Court has found that Michael Raimondo is not qualified to give opinion testimony as an expert; however, the Court has ruled that to the extent that Michael

Raimondo has personal knowledge of the subject matter of his report he may testify about it as a fact witness.

7. Plaintiff's motion to preclude evidence or testimony regarding Plaintiff's personal federal and state income taxes and Defendant's motion to permit evidence of Plaintiff's failure to declare a stock distribution on his tax return for the tax year 2005 will be decided in a separate opinion and order.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　DICKINSON R. DEBEVOISE
　　　　　　　　　　　　　　　　　　　　　　U.S.S.D.J.